CITY OF WACO v. A. L. BRANCH ET AL.

No. 5002. Decided April 25, 1928.
(5 S. W., 2d Series, 498.)

*John McGlasson,* City Attorney, for appellant. A municipality acts in its governmental capacity in maintaining public parks, therefore is not liable for acts of its officers, agents or employees in operating said park. Barnes v. City of Waco, 262 S. W., 1081; City of Galveston v. Posnainsky, 62 Texas, 118; Vanderford v. City of Houston, 286 S. W., 568; Board of Park Commissioners of City of Louisville v. Prinz, 105 S. W., 948; City of Nashville v. Burns, 174 S. W., 1111; Oliver v. Worcester, 102 Mass., 489; Clark v. Waltham, 128 Mass., 567; Blair v. Granger, 24 R. I., 17; Russel v. Tacoma, 8 Wash., 156; Steele v. City of Boston, 128 Mass., 583; 19 R. C. L., 763; Green v. City of Amarillo, 244 S. W., 241.

*Bryan & Maxwell,* for appellees. To allow livestock to run at large in a park and on and across it highways, in which said park are numerous driveways and which driveways are frequently used, does not come within governmental functions of a city. The management and control of streets and highways in a park is no more a governmental function than is the management and control of any other street or public-way in the city. Norberg v. Hagna, 29 A. L. R., 841; Corporation v. Taylor, 29 A. L. R., 846; Ramirez v. Cheyenne, 42 A. L. R., 245; Byrnes v. Jackson, 42 A. L. R., 254; Vanderford v. City of Houston, 286 S. W., 568; 43 C. J., 1170, Sec. 1936, 1173, Sec. 1938; Galveston v. Posnainsky, 62 Texas, 125; Dallas v. Maxwell, 248 S. W., 667; Indianapolis v. Baker, 125 N. E., 52; Deuner v. Spencer, 82 Pac., 590; Copp v. St. Louis, 158 S. W., 616, 46 L. R. A. (N. S.), 737; Anadarko v. Swain, 142 Pac., 1104; Pennell v. Wilmington, 78 Atl., 915; Weber v. Harrisburg, 64 Atl., 905; Collett v. New York, 64 N. Y. Supp., 693; Harf v. Cuin, 11 Ohio N. P. (N. S.), 41; Stewart v. Wild, 195 N. W., 266; 3 C. J., 94, Sec. 324; Houston Transfer Co. v. Renerd, 79 S. W., 838.

Mr. Presiding Justice HARVEY delivered the opinion of the Commission of Appeals, Section A.

Certified question from the Court of Civil Appeals for the Tenth District. The facts are stated in the certificate as follows:

"This suit was instituted by appellants (appellees) A. L. Branch and wife, Lula Branch, for themselves and as next friends for Mary Louise Branch, their minor daughter, to recover damages on account of personal injuries sustained by said minor while riding in a Ford car on one of the driveways of Cameron Park in Waco, Texas. The City of Waco is incorporated under a freeholder's charter adopted by vote of the qualified electors residing therein. Said charter confers upon the commissioners of said city the power of eminent domain to acquire and appropriate property for various public purposes, among which purposes parks are included. Said charter declares that the ownership, control and use of certain enumerated properties of said city shall be inalienable. Parks are included among the properties so enumerated. The City of Waco owns, maintains and operates a certain tract of land situated within the corporate limits thereof and known as Cameron Park. Said park is open to the general public as a driving place, for picnics and for other purposes for which a public park is generally used. It is supported solely by taxation and no profit whatever is made out of the operation of the same. It is managed and controlled by or under the direction of a board of park commissioners appointed by the city. As an incident to the care, maintenance and operation of said park, the park commissioners kept therein a flock of sheep, twenty-six in number. They were so kept, according to the testimony introduced, as a matter of interest to the public as they fed upon the lawns and they were also found useful for grazing purposes in keeping down weeds and brush in certain parts of said park.

"One of the main entrances to said park is an extension of Herring Avenue eastward. This driveway begins at Fourth Street, divides and encircles a knoll on which a tree is located, reunites and continues eastward, and again divides, one drive leading to the right and the other to the left of said point of division, all of which is shown by a diagram contained in the statement of facts. From the place where it encircles the knoll and tree to said point of division it is about thirty-five feet wide. The land on the south is some higher than the driveway and there is a slight terrace along the south margin thereof. The land on the north is lower than the driveway, sloping to the sheep pen about eighty feet therefrom. Monday, July 5, 1926, was observed as a general holiday in Waco. A large crowd of people

had assembled in this part of said park and autos were parked on both sides of said driveway from the point of division on the east, westward to where it divides to encircle said knoll and tree. There was just room between the parked autos for cars going in opposite directions to pass each other. About 3 o'clock on that afternoon one of the employes of said park commissioners took said flock of sheep from the pen southward across said driveway and was herding them on the lawn a short distance therefrom. Some time thereafter appellant Mary Louis Branch was in a Ford coupe with her grandfather, who was driving the same. He was driving said car westward from the eastern point of division thereof and another car was approaching from toward said knoll and tree, and while his attention was directed to the matter of passing said approaching car in the narrow space between the lines of parked cars on either side, the said flock of sheep ran rapidly across said driveway from the south toward the north and one or more of them ran under or were struck by said Ford car driven by appellant's grandfather. The unexpected impact was of sufficient force to break his hold on the steering wheel and to cause said car to come in violent contact with one of the cars parked on the north side of said driveway. Appellant Mary Louis Branch was thrown violently against the windshield and her face badly cut and lacerated, one cheek being cut entirely through into the mouth. At the time of the trial these cuts had all healed, but one of the eyelids was drawn and one cheek was badly scarred. She was about five years old at the time of the accident.

The case was tried by a jury. At the close of the evidence appellant requested the court to instruct the jury to return a verdict in its favor, which request was denied. The jury, in response to special issues submitted by the court, found, in substance, that appellant was negligent (a) in allowing sheep to graze in the park at the time and place in question; (b) in not having the sheep confined at that particular time, and (c) in allowing the sheep to run across the driveway at that time. The jury also found that each of said negligent acts was a proximate cause of the injuries sustained by said child. We have considered the testimony introduced in its entirety, and while we will not here review the same, we have concluded that it is sufficient to sustain one or more of such findings of negligence and the corresponding finding of proximate cause.

"The evidence discloses that the negligence found by the jury was the negligence of a subordinate employe of the park commissioners

while engaged in the discharge of duties incident to the care, maintenance and operation of said park."

The question certified reads as follows:

## "QUESTION.

"Is the City of Waco, exempt from liability to the appellant (appellee) Mary Louise Branch for the damages sustained by her as the proximate result of the negligence of its employes under the circumstances above set out, on the ground that appellant was at the time exercising through such employe or employes its governmental as distinguished from its proprietary functions?"

It is a rule of general application that a city is not liable in damages for the negligent administration of those powers and duties conferred upon it which have to do with matters of concern to the general public. Such powers and duties are regarded as being of a governmental nature and the city, but an agency of the State in administering them. Whereas, in the administration of those powers and duties concerning matters of peculiar advantage to the inhabitants of the city, from which matters various individual members of the public at large but casually derive benefit, the city acts in its proprietary capacity and is liable for its failure to exercise ordinary care in the premises. With but few exceptions, the courts of the country are in agreement on this general rule, but to which of these classes of powers and duties must be referred the maintenance of a public park by the city, is a question upon which the authorities are divided. See 4 Dillon, Mun. Corp., Sec. 1650; 43 C. J., pp. 921–1170; 19 R. C. L., pp. 763–1129; 29 A. L. R., 863; 42 A. L. R., 263.

In this State, however, the trend of decision is toward what we regard as the sounder view that the maintenance of a public park by a city is a proprietary function, exercised primarily for the peculiar advantage of the inhabitants of the municipality, although members of the general public incidentally become entitled to enjoy the recreational advantages thus afforded. For this reason, we think that negligence imputable to the city, with respect to the safety of those in lawful use of the park, may furnish ground of liability for resulting injury. In arriving at this conclusion we have been guided in a large measure by a consideration of the following decisions: Galveston v. Posnainsky, 62 Texas, 127, 50 Am., 517; Fort Worth v. Crawford, 64 Texas, 202, 53 Am., 753; White v. San Antonio, 94

Texas, 313, 60 S. W., 426; Ostrom v. San Antonio, 94 Texas, 523, 62 S. W., 909.

We recommend that the question certified be answered "No." We do not understand that the question as certified calls for a consideration by us of whether or not the facts stated in the certificate raise the issues of negligence and proximate cause. That phase of the case has not been considered by us, and no intimation regarding it is intended.

Opinion of Commission of Appeals answering certified question is adopted, and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.