INVESTORS MORTGAGE AND REALTY Co., substituted complainant-appellant,

*v.*

PREAKNESS HILLS REALTY Co. et al., defendants-respondents.

[Decided September 24th, 1943.]

*Messrs. Davies & Davies (Mr. Frank J. Davies,* of counsel), for the appellant.

*Messrs. Cole & Morrill (Mr. David L. Cole,* of counsel), for the respondents Preakness Hills Realty Co. and Charles E. Bloom.

PER CURIAM.

This is a foreclosure suit. Pursuant to a writ of *fieri facias,* the sheriff sold the mortgaged lands to complainant for $250. The amount due on the decree was approximately $221,000. The mortgage was given by the defendant corporation to secure the payment of a joint bond made by it and twelve individuals, including the defendant Bloom. After the sale, the defendant corporation and Bloom interposed a petition setting forth that the sale price "is grossly insufficient and inadequate and does not represent the fair value" of the mortgaged lands, and praying, for certain specified reasons, that confirmation of the sale be withheld "unless and until the complainant shall credit on its decree the fair value of the mortgaged premises."

Appellant contends that the petition fails to meet the requirements set down in the case of *Young* v. *Weber, 117 N. J. Eq. 242,* and that, moreover, Bloom "is disqualified from relief as a matter of law," since he did not "sign the accompanying mortgage," and "is not entitled to a credit for the fair value of the property"—citing *Rosenwasser* v. *Weiss, 124 N. J. Eq. 14;* and that "there was no finding on the disputed facts."

Respondents maintain, *inter alia,* that the challenged order "does not settle the rights of the parties," and "no harm has been done to appellant because there has been no determination that any amount is to be credited as fair value." The point is well taken. We read the order as providing only for the ascertainment of the fair value of the mortgaged premises. The right to have such credit upon the decree in foreclosure is not determined. The equities have been expressly reserved; and respondents' right to the relief sought is a subject for subsequent determination. *Vide Rose* v. *Jerome-*

*Harvey Development Co., 115 N. J. Eq. 574.* It was entirely proper for the Chancellor, at this stage of the proceeding, to inquire as to the fair market value of the lands, and to reserve the decision of all further questions.

The order is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ.   14.

*For reversal*—None.