**CITY OF LUBBOCK, TEX. v. GREEN.**

**GREEN v. CITY OF LUBBOCK, TEX.**

No. 13899.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1953.

Vaughn E. Wilson, City Atty., E. L. Klett, Lubbock, Tex., for appellant and appellee.

Winston P. Brummett, Lubbock, Tex., for appellee and appellant.

Before HOLMES, RUSSELL, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

Appellant. Truman Green instituted this suit, in his own behalf and as next friend of his minor daughter, for damages resulting to them from a park swing having come apart while she was swinging in it. Certain facts of actual negligence on the part of the city were alleged and proven. The issues were submitted to a jury, which returned a verdict for both the father and daughter. The court below allowed the verdict for the daughter to stand, but set aside the verdict for the father on the ground that he had not given the city notice of the accident and injury within the period of 30 days required by the city charter. The question of estoppel was submitted to the jury under proper instructions, and the verdict was favorable to both the father and daughter.

The city contends that the function of maintaining public parks is a governmental function, and therefore not subject to a suit for negligence. It relies further upon the failure of Sheila to give notice of her claim within 30 days as required by the charter. When the park was originally acquired, it was subject to a statute denying the city's liability for injuries in the park; and this, the city maintains, protects it from such a suit. Sheila contends that the maintenance of such a park is a proprietary function, but that this is immaterial, since the jury found the condition of the park equipment to constitute a public nuisance. She asserts that the Texas courts recognize the 30-day rule as a flexible one and not a condition precedent. The park, she points out, is now within the city limits and no longer subject to the non-liability statute, and that, if the statute were allowed to control, it would be unconstitutional.

█ The court apparently denied Green any recovery on the ground that the claim was not timely filed. Green claims, and the jury found, that he had talked to the City Attorney about the case within the 30 days, and was led to believe that he could wait un-

til he was more definite about his damages before filing the claim. He urges that, under the findings, the city is estopped to deny waiver of the time limit. The city denies this, claiming lack of authority in the attorney to waive such a requirement. All these issues were for the jury, and we find no reason to disturb its verdict.

█ There was evidence in the trial below to warrant the jury in finding, not only that the city was guilty of negligence in maintaining the swing in a defective condition, which caused the injury, but that the general condition of the swings in the park was such as to constitute a nuisance. Under either theory of the case, and on both grounds asserted by the plaintiffs, we think the verdicts should stand. The park was within the corporate limits of the city at the time of the injury, and, therefore, Section 6081d of the Texas statutes is not applicable. We think the city is estopped by the action of its attorney from pleading that notice of both claims was not given as required by the city charter.

█ Jurisdiction in this case rests solely upon diversity of citizenship, and our decision of the issues herein is governed by the law of Texas, which sustains the claims of Truman Green, both as next friend and in his own behalf. See the following Texas authorities: City of Waco v. Branch, 117 Tex. 394, 5 S.W.2d 498; City of Fort Worth v. Wiggins, Tex.Com.App., 5 S.W. 2d 761; City of Waco v. Branch, Tex.Civ. App., 8 S.W.2d 271; Scroggins v. City of Harlingen, 131 Tex. 237, 112 S.W.2d 1035; City of Waco v. Thralls, Tex.Civ.App., 172 S.W.2d 142, 146; 30 Tex.Jur., Sec. 299, p. 541; 30 Tex.Jur., Sec. 308, p. 559.

As to Sheila Green, the judgment appealed from is affirmed; as to Truman Green, the judgment appealed from is reversed, and the cause remanded to the district court with directions to reinstate the verdict in his favor and to enter judgment for him in accordance with said verdict.

Affirmed in part and reversed in part.