**G. B. CLAITOR et al., Appellants,**

v.

**The CITY OF COMANCHE, Appellee.**

No. 3098.

Court of Civil Appeals of Texas.

Eastland.

Sept. 10, 1954.

Sam Cleveland, Stephenville, Dick Harbin, Dublin, for appellants.

Howell E. Cobb, Comanche, Joseph A. Chandler, Stephenville, for appellee.

COLLINGS, Justice.

G. B. Claitor and wife, Naoma Claitor, individually and as next friend of their minor son, Ralph Bennett Claitor, brought suit against The City of Comanche, a municipal corporation. Plaintiffs alleged that on September 24, 1950, and for several years prior thereto, defendant City operated and maintained a certain park area, located outside of and adjacent to said City and known as Lake Eans Park; that on said date the minor plaintiff, Ralph Bennett Claitor, was making use of a swing located in the park which along with other facilities of said park area, was under the supervision and control of and maintained by said City; that such swing had been constructed and placed in the park to be used by children for the purpose of swinging thereon. It was alleged that the swing was unsound, unsafe and inherently dangerous; that while the said Ralph Bennett Claitor was making use of the swing, by swinging thereon in the normal and customary manner, suddenly and without warning, the swing fell to the ground, thereby inflicting painful, serious and permanent injury to said Ralph Bennett Claitor. Plaintiffs sought judgment for damages against the

City in the sum of $62,200. Defendant City filed exceptions to plaintiffs' petition and the cause of action alleged therein, alleging that under the provisions of Article 6081d, Sec. 3, Vernon's Revised Civil Statutes of Texas, the City was exempt from liability for negligent injury to persons resulting from any defective, unsound or unsafe condition of its park or the equipment therein. The trial court sustained the exception and dismissed the case. To such action of the court the Claitors excepted and gave notice of appeal.

The statutory provision in question is as follows:

Article 6081d, "Sec. 3. Any and all recreational parks and playgrounds acquired under and by virtue of the terms of this Act shall be under the control and management of the governing body of the city acquiring the same and such governing body is hereby expressly empowered to improve, maintain and conduct the same for the benefit of the public and to provide, improve, maintain and conduct suitable recreational facilities therein and in connection therewith and to fix and collect such reasonable charges as governing body shall deem fit for the use of such facilities by members of the public; all proceeds from such charges to be devoted exclusively to the support, maintenance, upkeep, and improvement of the city's parks and playgrounds and the facilities, structures, and improvements therein. Provided, that no city shall be liable for injuries to persons resulting from or caused by any defective, unsound, or unsafe condition of any such park or playground, or any part thereof, or thing of any character therein resulting from or caused by any negligence, want of skill, or lack of care on the part of any governing board, officer, servant, employee or other person with reference to the construction, management, conduct, or maintenance of any such park or playground or any improvement, structure, or thing of any character whatsoever located therein or connected therewith."

Appellants contend that the court erred in sustaining the exceptions to their petition and in entering judgment dismissing the cause. They urge that the above statutory provision is unconstitutional in that it denies them a remedy by due course of law for an injury received; that such statute is in violation of Sections 13 and 19, Article 1 of the Constitution of the State of Texas, Vernon's Ann.St., which, among other things, provides that:

"All courts shall be open, and every person having an injury done him, in his lands, goods, person, or reputation, shall have remedy by due course of law."

■ Under the weight of authority in this State, the operation and maintenance of a public park by a City is a proprietory function and not a purely governmental one. City of Waco v. Branch, 117 Tex. 394, 5 S.W.2d 498; City of Fort Worth v. Wiggins, Tex.Com.App., 5 S.W.2d 761; Scroggins v. City of Harlingen, 131 Tex. 237, 112 S.W.2d 1035; 30 Tex.Jur. 541.

■ In numerous Texas cases it is stated that the power of the Legislature under the Constitution to exempt a municipal corporation from liability for injuries caused by its negligence can only be exercised as to purely governmental matters and matters which are in the exercise of police regulation. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259; City of Tyler v. Ingram, 139 Tex. 600, 164 S.W.2d 516.

It is held that by reason of the above Constitutional provision the Legislature does not have power to exempt municipalities from liability for their negligence in the exercise of a proprietory function. City of Amarillo v. Tutor, Tex.Com.App., 267 S.W. 697; Hanks v. City of Port Arthur, 121 Tex. 202, 48 S.W.2d 944, 83 A.L.R. 278; City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692; Reegan v. City of Galveston, Tex.Civ.App., 24 S.W.2d

61 (Writ Dis.); City of Wichita Falls **v.** Lipscomb, Tex.Civ.App., 50 S.W.2d 867 (Writ Ref.).

It follows that Article 6081d, Sec. 3, supra, insofar as it attempts to exempt the City from liability for its negligence in the operation of a public park of the kind here in question, which is held to be the exercise of a proprietory function, is unconstitutional. The trial court erred in sustaining defendants' exception to plaintiff's petition and in dismissing the cause. Appellants' point complaining of such action is sustained.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded.

GRISSOM, C. J., and LONG, J., concur.