**BUFFALO LAKES, Inc., Appellant,**

**v.**

**W. G. McGREW et al., Appellees.**

**No. 6539.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 5, 1955.

Rehearing Denied Jan. 9, 1956.

484

Klett, Bean, Evans, Trout & Jones, Lubbock, for appellant.

A. W. Salyars, Lubbock, McCann & Boedeker, Levelland, for appellees.

MARTIN, Justice.

Appellee, W. H. Rodgers, and George Etz owned 2,000 acres of land including and surrounding Buffalo Lakes near Lubbock, Texas. Appellee, Etz, and a third party, now deceased, as stockholders formed the appellant corporation, Buffalo Lakes, Inc. and thereafter Etz and Rodgers leased the 2,000 acres to the corporation: The appellant conducted the leased land as an amusement center and the public paid a small admission fee to enter the premises and a further fee for the use of boats on the lake, swimming facilities and other amusements on the property.

A junk car race track had been built in the lake canyon and had been operated there by persons who are not parties to this suit. Apparently the race track did not make any money for the persons who installed the same and who operated it in the canyon location. Ralph Roberts contacted appellee, W. H. Rodgers, as to whether Buffalo Lakes, Inc. would permit him to move the location of this race track to a tract of pasture land situated above the rim of the canyon. Buffalo Lakes, Inc. leased Roberts a tract of pasture land on top of the canyon and he constructed a junk car race track thereon and operated the same on such land which he occupied as a tenant of Buffalo Lakes, Inc.

Walter Floyd McGrew, a young man nineteen years of age, generally known as Floyd McGrew, was injured at the race track by a junk car which went out of control, straddled the retaining cable at the edge of the race track, knocked over two posts holding the cable and struck McGrew while he was standing near the second post of such barricade. Floyd McGrew and his father sued Buffalo Lakes, Inc., W. H. Rodgers and George Etz for damages because of injuries inflicted on Floyd McGrew by the car. The trial court instructed a

verdict in favor of Etz and appellee Rodgers but granted a judgment in favor of Mc-Grew and his father against appellant, Buffalo Lakes, Inc. Buffalo Lakes, Inc. is appellant as against appellees, W. G. McGrew and Walter Floyd McGrew, while Walter Floyd McGrew and his father, W. G. McGrew, are appellants in an appeal from the trial court's judgment in favor of appellee, W. H. Rodgers.

◼ The principal issue in controversy is presented by appellant's point two in its original brief and by supplemental points one and two in the reply brief of appellant, Buffalo Lakes, Inc. and appellee, W. H. Rodgers. The gist of such point is that, as a condition to recovery against appellant, Buffalo Lakes, Inc. or W. H. Rodgers, Floyd McGrew was obligated to show that any defect in the leased premises as proximately causing his injury existed at the time such premises were leased to Ralph Roberts. Appellant, Buffalo Lakes, Inc., ancillary to this principal issue, further presented by its point of error that there was no evidence to support the jury finding under Special Issue No. Three that Buffalo Lakes, Inc. was negligent in permitting Ralph Roberts to operate such race track with an inherently dangerous barrier and no evidence to support the jury finding under Special Issue No. Seven that such barrier was of insufficient strength and construction to protect the spectators. These findings of the jury are without evidence to support the same or, at least, the findings that Buffalo Lakes, Inc. permitted Roberts to operate such track with a dangerous or an insufficient barrier to protect the spectators are against the overwhelming weight and preponderance of the evidence as asserted by appellant's point. Appellees' principal contention on the issue of Buffalo Lakes, Inc. permitting Roberts to operate the track is predicated on the theory that since the leasing was a tenancy at will, Buffalo Lakes, Inc. should have entered possession of the premises and terminated the operation of the track by merely terminating the lease on which all rents had been paid to lessor. This proposition is not sustained by any recognized principle of law. 52 C.J.S., Landlord and Tenant, § 427, p. 100, Notes 87 and 88.

Floyd McGrew and his father, in their appellees' brief, allege that the question of law determining the appeal is the issue detailed in the statement quoted hereinafter. An examination of such quotation in the light of the contention of Buffalo Lakes, Inc. and Rodgers, as shown in the paragraph above, reveals that all parties are predicating their right of recovery on the same principle of law.

"Is a landlord or lessor of a public place of amusement, that is, a junk-car race-track, under a tenancy at will, liable for injuries sustained by an invitee of the tenant by reason of a defective condition (or nuisance) *existing prior to the letting,* of which the lessor was fully aware, when the lessor knew the danger of such condition to the invitee, was materially and directly interested in the presence of the invitee by reason of monitary gain to be derived therefrom, and when a jury has found that the lessor was negligent in permitting lessee at will to operate the race-track or place of amusement with such defective condition or nuisance, and that such negligence was the proximate cause of the injuries to the invitee?"

The court underscored the material element to the appeal in appellees' proposition above as appellees have embodied in such proposition more elements than are pertinent to the issue before this Court on the record. As ruled hereinabove, the jury findings as to appellant "permitting lessee at will to operate" are without evidence to support them. "Permitting" is not evidenced where a lessee is in possession under a valid lease and has paid all rents due and is engaged in a lawful business on the leased premises. This brief survey of the issue between the parties reveals that although both appellant and appellee predicate their right to a judgment on the same legal proposition they differ as to the pertinent facts proven in the record.

The record reveals on the issue governing this appeal that Rodgers and Etz leased all the land in issue to Buffalo Lakes, Inc. prior to the erection of any race track thereon. Under the principle of law above, Rodgers and Etz could not be held liable as landlords of their tenant, Buffalo Lakes, Inc., even if such lessee were negligent in the use of the premises. The trial court correctly instructed a verdict for the parties named. Roberts, the operator of the track, testified he had never seen Etz. While it is correct that Roberts had some dealings with Rodgers such as paying him the rent due Buffalo Lakes, Inc. and like elements, the record is uncontroverted that Rodgers never personally exercised any control in the management and operation of the race track and had no interest whatsoever therein. At least, it is shown by the overwhelming weight and preponderance of the evidence that Rodgers did not exercise any control or management over the track and had no interest in the same and that he did not permit the same to be operated.

On the issue of liability of appellant, Buffalo Lakes, Inc., the record reveals that a junk car race track had been installed in the canyon on a location as leased by Buffalo Lakes, Inc. to the original track operators. The record further reveals that Roberts sought permission to change the site of the race track to a tract of pasture land above the rim of the canyon. Buffalo Lakes, Inc., by parol agreement leased the site above the canyon rim to Roberts; a bare tract of land as shown by the undisputed evidence, and Roberts moved posts and cables off the old race track site onto his new lease. A great deal of controversy has been engaged in, and evidence adduced, as to whether the original track at its location was defective. Such evidence would not be material here or constitute any proof as to the condition of the new track as graded up and placed in condition above the canyon rim by Roberts. There is no evidence in this record that there was any defect in the leased premises at the time of the making of the parol lease between Buffalo

Lakes, Inc. and Ralph Roberts as the race track was constructed by Roberts following the making of the lease. If there was any defect in the construction of the race track since it arose following the execution of the lease by appellant, Buffalo Lakes, Inc., and was due solely to the acts of the lessee, Roberts, he was solely liable for any injury proximately caused thereby.

The above discussed factual elements of the cause on appeal are supported by the uncontroverted evidence in the record or, at least, such elements as are necessary to a proper determination of this appeal are supported by the overwhelming weight and preponderance of the evidence. Appellees, in stating their proposition as quoted and discussed hereinabove, state that this case is one of first impression in Texas. It is not so regarded here. Marshall v. Heard, 59 Tex. 266, ruled as follows:

"At common law the occupant, and not the owner, is bound, as to the public, to keep the premises in such repair that they may be safely visited by the public. * * * And it is well settled that to give the party injured a right of action for damages arising from defects in rented premises against the owner, he must show that such defects existed at the time the premises were leased. * * * Those who claim upon the ground that they were invited into a dangerous place must seek their remedy against the person who invited them. If they are the guests of the tenant, he, and not the landlord, is the person from whom they must seek redress for injuries caused by defects in the premises."

This principle has been reaffirmed by authorities as follows: Ward v. Wallace, Tex.Civ.App., 175 S.W.2d 611, Syl. 7 and 8; Medlin v. Havener, Tex.Civ.App., 98 S.W.2d 863; Kennedy v. Garrard, Tex.Civ.App., 156 S.W. 570; Texas Loan Agency v. Fleming, 92 Tex. 458, 49 S.W. 1039, 44 L.R.A. 279; City of Tyler v. Ingram, 139 Tex. 600, 164 S.W.2d 516; 52 C.J.S., Landlord and Tenant, §§ 424 and

427. Appellant's point two and supplemental points thereunder are sustained.

Since all the parties apparently concede the existence of the relationship of landlord and tenant as between Buffalo Lakes, Inc. and Ralph Roberts, the issue as to existence of such relationship will not be discussed other than to state the facts sustain the relationship of landlord and tenant between Buffalo Lakes, Inc. and Ralph Roberts and not the relationship of partnership or joint venture. This issue is presented by appellant, Buffalo Lakes, Inc., first point of error which is sustained. Johnson v. Murray Co., Inc., Tex.Civ.App., 90 S.W.2d 920; Texas Co. v. Grant, 143 Tex. 145, 182 S.W.2d 996; and McDaniel v. State Fair of Texas, Tex.Civ.App., 286 S.W. 513.

Appellant by its points three and four asserts that there is no evidence to support the jury findings that plaintiff knowingly placed himself in a position of danger and failed to heed a warning to remove himself from such place of danger or that such findings are against the overwhelming weight and preponderance of the evidence. The uncontroverted evidence in the record establishes that Floyd McGrew placed himself within two feet of the steel cable placed on the edge of the race track solely for the purpose of preventing junk cars running out of control from leaving the track. He was in a place of danger and the evidence also establishes that Floyd McGrew failed to heed warnings that he remove himself from such place of danger. At least, the jury findings that Floyd McGrew did not place himself in a place of danger and did not fail to heed warnings to remove himself from such position are against the great weight and preponderance of the evidence. However, the appeal is governed here, as asserted by all parties, by the proposition that the lessor, Buffalo Lakes, Inc. is not liable for defects in the leased premises which were not in existence when the lease was made to the lessee, Roberts. Rodgers and Etz as lessors to their lessee, Buffalo Lakes, Inc., are likewise not liabel under the same principle of law.

Appellant's points are sustained. The judgment of the trial court is affirmed wherein it is adjudged that Walter Floyd McGrew and W. G. McGrew take nothing as to their suit against W. H. Rodgers. The judgment of the trial court is reversed wherein judgment is rendered against Buffalo Lakes, Inc. and judgment is rendered here that Walter Floyd McGrew and W. G. McGrew take nothing by their cause of action against Buffalo Lakes, Inc.