

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 25, 1957

Affirmed by *MW-500*

Honorable Jack Fields
County Attorney
Calhoun County
Port Lavaca, Texas

Opinion No. WW-218

Re: Whether or not the Commission-
ers' Court of Calhoun County
is subject to a requirement of
a city ordinance for the pay-
ment of fees, charges or assess-
ments for permits for the demo-
lition of the old buildings and
the construction of a new build-
ing.

Dear Mr. Fields:

You have requested the opinion of this Department on
the following question:

Whether or not the Commissioners'Court of
Calhoun County is subject to a requirement of a
city ordinance for the payment of fees, charges
or assessments for permits for the demolition
of the old buildings and the construction of a
new building.

In your very able brief that you submitted in connec-
tion with this question, you advise us that the facts are as
follows: Calhoun County is preparing to construct a new court-
house to be located upon property purchased in fee some forty
years ago, such property not being a part of any city-owned
square. The City of Port Lavaca desires to make periodic prog-
ress inspections of the courthouse construction to enforce con-
formity with the City Building Code, pursuant to the police
powers of the municipal corporation. The city contends that it
is entitled to the payment of certain fees in exchange for the
issuance of the Building and Inspection permits, such fees to
be used by the City to defray the cost of the progress inspec-
tions. It is the position of Calhoun County that such charge
is in effect a tax against the county, in violation of the pro-
visions of Section 9, Article XI of the Texas Constitution,
which provides:

"The properties of counties, cities, and towns,
owned and held only for public purposes, . . . shall
be exempt from forced sale and from taxation, . . ."

You further advise that the City of Port Lavaca adopts the view that since their ordinance for building permits is levied against the contractor, rather than against the County, and that since the permit fee is to be paid by the contractor, the charge in this instance is not actually to be assessed against, nor paid by the County. This contention is insupportable in the light of the language found in the advertisement for bids and in the proposed contract as follows:

> "In determining the total amount of bid the bidder shall not include any costs of city fees for permits for building but the same shall be the responsibility of the County if the same be a legal charge against the County. . . ."

Article III, Section 48, Texas Constitution, states as follows:

> "The Legislature shall not have the right to levy taxes or impose burdens upon the people, except to raise revenue sufficient for the economical administration of the government, . . ."

Article 1175 (8), Vernon's Civil Statutes, gives Home Rule cities power to provide for the mode and method for assessing taxes against any person or corporation. A charge or fee, if for the purpose of raising revenue, is a "tax", and is levied under the general taxing power. Harris County v. Shepperd, ____ Tex. ____, 291 S.W.2d 721, 723. Generally, where a fee is exacted solely for revenue purposes, and its payment gives the right to carry on business without further conditions, such fee is a "tax". Anne Arundel County Commissioners v. English, 182 Md. 514, 34 A.2d 135. The courts of other jurisdictions have held that as an incident to its power to enact valid inspection laws, a State may impose a reasonable fee to defray expenses of inspection. Such fee is not a "tax" and the fixing of the amount of the fee is a legislative power, which may be delegated when it seems advantageous to do so. Mazanee v. Flannery, 176 Tenn. 125, 318 S.W.2d 441, 444. In jurisdictions where the matter has been considered, the courts are almost uniform in holding that "taxes" are burdens of a pecuniary nature imposed for defraying the cost of governmental functions, whereas, charges are sustainable as "fees" where they are imposed to defray the cost of a particular service rendered for a specific purpose. Hanson v. Griffiths, 264 Misc. 736, 124 N.Y.S.2d 473, 476. We are of the view that a permit fee which is limited to an amount which does not exceed the cost of the inspection, and is assessed for the sole purpose of defraying the cost of such inspection by the City of Port Lavaca, is not a tax.

We are primarily concerned with the question of whether a municipal corporation can impose any regulatory restrictions upon county buildings.  It is well established in this state that a county is a subdivision of the state, and as such is a projection of the state on a local scale.  Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Jones v. Alexander, 122 Tex. 328, 59 S.W.2d 1080 (1933).  It has been argued, therefore, that a city cannot exercise police power over the state nor over the subdivisions thereof.

In 9 Am.Jur. 202, Buildings, Section 6, it is said:

"The courts are not entirely agreed as to the applicability of municipal building regulations to buildings erected within the municipal limits, by or under the authority of the State, or by a county or other political subdivision of the state.  According to well-reasoned cases, a county in erecting buildings within the limits of a municipal corporation must comply with such proper building regulations as the municipality pursuant to its police power has imposed. . . . However, a legislative grant of police power to a municipal corporation will not be deemed a cession of the legislature's prerogative to govern for itself the institutions of the state which may be located within such municipality, unless it may be clearly gathered from the latter act that such was the legislative intent. . . ."

We are advised that the City of Port Lavaca operates under a Home Rule charter.  Article 1175 (34), Vernon's Civil Statutes, in delegating certain police power to Home Rule cities, provides that such cities may enforce ordinances necessary to "protect health, life and property. . . ."  This provision is an express legislative grant, by the State, of police power to all cities operating under a Home Rule charter to adopt and enforce all ordinances, which are necessary for the purposes specified.  We are of the view that the duty to erect a county courthouse rests upon the relation of the county to the State.  Its use concerns the public at large, for the whole state is interested in the enforcement of the law in each county and the county acts in the building of the courthouse as an agency of the state.  Police power is granted to the municipal corporation by virtue of Article 1175 (34) Vernon's Civil Statutes.  If the regulation imposed by the city to "protect health, life and property . . ." is to be uniform in its protection, we can perceive of no good reason why the county should not be amenable to the reasonable police regulations which the city imposes in the interest of general welfare.  Cook County v. City

of Chicago, 311 Ill. 234, 142 N.E. 512 (1924).  It can be argued that the state has committed the control of the county buildings to the county, and that the county has preempted the field of regulations to the exclusion of the city within whose boundaries the buildings may be located.  It is true that the state may confer upon the commissioners' court of a county such power of regulation and control as to exclude some of the broad police jurisdiction which would normally lie in the city.  In this instance, however, the only power which the Legislature has conferred upon the county is that set forth in Article 2351 (7) Vernon's Civil Statutes, wherein it states:

"Each commissioners court shall:

". . . Provide and keep in repair courthouses, jails and all necessary public buildings. . . ."

We are of the opinion that the above quoted statute is so general as not to vest sole police jurisdiction with regard to regulation of county buildings with the county commissioners' court.  Even if the above provision is given the broadest application permitted by its language, it is not so explicit as to infer that the county should have exclusive police jurisdiction of such buildings.  While it is well settled that the county is an agency of the state, it is likewise a creature of the state vested with only such powers as conferred upon it by the state.  It would be incorrect to hold that the county is a part of the state in the exercise of police power for reasonable regulatory and inspection purposes in this instance.  We, therefore, think it inescapable that police power delegated to the city in this instance, must be construed, as between the county and the city, as a delegation of a power to the latter, which the former is expected to observe.  Cook County v. City of Chicago, supra.

Consequently, the problem resolves itself into a question of whether the inspection here involved is a reasonable regulation by the municipal corporation in the exercise of its police powers.  It is well established that any regulatory measures exercised by a city by virtue of police power are exercised only in pursuance of a legislative grant of such police power by the State.  Brewer v. State, 113 Tex.Cr.R. 522, 24 S.W. 2d 409; Fort Worth and D.C. Ry. Co. v. Ammons, 215 S.W.2d 407 (Tex.Civ.App. 1948, error ref. n.r.e.)

Where the subject matter of a city ordinance is within the police power of a city, such city has broad discretion in deciding what is necessary and proper.  City of Coleman v. Rhone, 222 S.W.2d 646 (Tex.Civ.App. 1949, error ref.)  It has been held

that the supervision of the construction, maintenance and repair of buildings fall within the scope of the police power which is inherent in the State, and has been delegated to the city.  Newton v. Town of Highland Park, 282 S.W.2d 266, 278 (Tex.Civ.App. 1955, error ref. n.r.e.)  This power may be delegated by the State to municipal corporations and such authority when delegated comes within the police power of a city.  City of Tyler v. Ingram, 139 Tex. 600, 164 S.W.2d 516; City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872; also see McQuillin on "Municipal Corporations", 2d Ed., Vol 3, p. 286, Section 1016.

Ordinances enacted by a city requiring the payment of fees for the issuance of permits and allowing inspection of construction within the corporate limits of the city by the city inspectors to insure compliance with the City Building Code, constitute a valid exercise of the police power of such city to adopt measures to protect life and property.  Ex parte Cramer, 62 Tex.Cr.61, 136 S.W. 61.

We conclude that the fee required by ordinance of the City of Port Lavaca, Texas, for the issuance of a building permit, enabling progress inspection of county owned construction is not a tax and does not violate Article III, Section 48 of the Texas Constitution.  Further, it is our view that such charge is valid in the proper exercise by the city of its police power. It must be remembered, of course, that the reasonableness of any such regulatory measure, enacted under the police jurisdiction of a municipal corporation, ultimately depends upon the facts which exist in each particular case.

## SUMMARY

The Commissioners' Court of Calhoun County is subject to a requirement of an ordinance of the City of Port Lavaca, Texas, for the payment of fees, charges or assessments for permits for the demolition of old buildings and for the construction of a new building, where such fees constitute a reasonable charge to defray the cost incurred by the City in having progress inspections made.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  *B. H. Timmins, Jr.*
B. H. Timmins, Jr.
Assistant

BHT:pf:wb

APPROVED

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
W. V. Geppert
J. C. Davis, Jr.
John Reeves
Wm. R. Hemphill
Lonny Zwiener
Ralph R. Rash

REVIEWED FOR THE ATTORNEY GENERAL.

BY:  James N. Ludlum