NO. 07-04-0520-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 2, 2005

_____

CITY OF BORGER, APPELLANT

V.

SOUTHERN INSURANCE COMPANY A/S/O MAXINE STULLER, APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 35,437; HONORABLE WILLIAM SMITH, JUDGE

_____

Before REAVIS and CAMPBELL, JJ.[1]

**ON MOTION FOR REHEARING**

The motion for rehearing filed by appellant City of Borger is overruled. Our opinion of August 26, 2005 in this appeal is withdrawn, and the following is substituted as the opinion of the Court.

_____

[1] Former Chief Justice Phil Johnson was on the panel that heard oral argument. He did not participate in the decision. Tex. R. App. P. 41.1(b).

The City of Borger brings this interlocutory appeal from the denial of its plea to the jurisdiction on the basis of sovereign immunity in a suit for property damage resulting from demolition of a building. We will affirm.

In August 1999, the City of Borger building official determined that a building located on Main Street in Borger fell below the city's building code in several respects and was beyond repair. In July 2000, an architect issued his opinion the building was beyond repair and that it could be demolished without damaging the adjacent building. The City, a home-rule municipality, made a decision to demolish the building. It hired Howell Sand Company, Inc. (HSCI) to perform the demolition and notified the owner of the adjacent building, Maxine Stuller, of the proposed demolition.

HSCI demolished the building in early May 2001. The City's primary involvement in the demolition was removal of debris and delivering dirt to fill a basement. All other work was performed by HSCI. Stuller asserted the demolition caused damage to her building. Southern Insurance Company paid a claim for that damage and brought suit against the City as subrogee of Stuller. Southern's live petition alleges the City owned the demolished building, and alleges the demolition was a proprietary function of the City.

The City answered and filed special exceptions, arguing Southern failed to allege facts demonstrating the court's jurisdiction and failed to plead facts supporting waiver of sovereign immunity, and a plea to the jurisdiction reasserting its claim of sovereign immunity. The City now appeals from the trial court's denial of that plea. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Vernon Supp. 2005).

2

The City presents six arguments in support of its single issue challenging denial of its plea to the jurisdiction. The first and fifth arguments discuss whether the City was performing a governmental function. The remaining arguments concern waiver of sovereign immunity and Southern's taking claim under the Texas Constitution.

A plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). When considering whether the plaintiff has done so, we are to construe the pleadings liberally in the plaintiff's favor. *Texas Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Courts deciding pleas to the jurisdiction are not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). When jurisdictional facts are undisputed a trial court's jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226.

As political subdivisions of the state, municipalities enjoy governmental immunity when exercising governmental functions. *City of Tyler v. Likes*, 962 S.W.2d 489, 501 (Tex. 1997); *City of San Antonio v. Butler*, 131 S.W.3d 170, 177-78 (Tex.App.–San Antonio 2004, pet. filed); *City of Lubbock v. Adams*, 149 S.W.3d 820, 823 (Tex.App.–Amarillo 2004, pet. filed). Since 1987 the legislature has delineated those governmental functions affording immunity and the proprietary functions of a municipality for which it does not have immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215 (Vernon 2005). Subsection (a) of Section 101.0215 defines governmental functions as including those "enjoined on

3

a municipality by law" to be exercised in the interest of the general public, and lists thirty-six specific functions as governmental. *Id.* Subsection (b) describes proprietary functions as "those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality," listing examples of public utilities, amusements, and abnormally dangerous or ultrahazardous activities. *Id.*

The City presented evidence in support of its plea to the jurisdiction, and relies primarily on the affidavit of its building official Larry Mullenix, which states that he inspected the building and determined it was in a deteriorated condition and failed to comply with the current building code. The affidavit further states, "As a result of my opinion that the Building was unsafe and could not be repaired to meet building code standards, the City chose to demolish the Building."

Southern's allegation that the City owned the demolished building is supported by an affidavit from Stuller. The City has not contradicted the contention.[2] Its evidence does not address the ownership of the demolished building. Mullenix's affidavit refers to it simply as "the building located at 325 N. Main." The building apparently was unoccupied, and its function is not addressed in the record.

The City contends the undisputed evidence establishes its demolition of the building was the exercise of a governmental function. Southern argues the evidence shows the

---

[2] If the City owned the building, it apparently had not always done so. The record contains a letter from Mullenix to Stuller referring to the building as the Johnson Bakery Building. That letter and Mullenix's affidavit also refer to the presence of an oven in the building.

4

City was engaged in a proprietary function. We disagree with both positions, concluding the record developed thus far does not permit resolution as a matter of law of the jurisdictional issues raised, and so affirm the trial court's denial of the City's plea to the jurisdiction.

The City argues that the supervision of the construction, maintenance and repair of buildings comes within the city's police power delegated by the state, citing *City of Tyler v. Ingram*, 164 S.W.2d 516, 519 (Tex. 1942). The argument is too broad. *Ingram* dealt with temporary bleachers erected in a city park by a private party for an event sponsored by that party. *Id*. at 519. *Ingram* does not support a contention that every such action taken by a municipality relating to a building is governmental conduct,[3] regardless of the building's ownership or use.

The City also argues the evidence demonstrates that its demolition of the building constituted the exercise of the functions of health and sanitation services or building codes and inspections. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.0215(a)(2), (28) (Vernon 2005). On this record, we cannot agree that the City's demolition of the building reasonably can be characterized as exercising either of those functions.[4]

---

[3] The facts here are thus to be distinguished from those presented in *City of Pampa v. Pampa Properties Corp.*, No. 07-00-0407-CV, 2001 WL 55623 (Tex.App.–Amarillo January 21, 2001, no writ). There, the plaintiff's damages arose from street construction, a listed governmental function. *See* Tex. Civ. Prac. & Rem. Code Ann. §101.0215(a)(3)(Vernon 2005).

[4] The present state of the record, for instance, does not permit consideration of how the City's decision to demolish an unsafe building that could not be repaired to meeting building code standards differed from a similar decision by any other premises owner, if indeed the City was the premises owner in this case.

5

The City refers also to the statutory authority given home-rule municipalities to define and prohibit nuisances, and to enforce ordinances necessary to the prevention and abatement of nuisances, as showing it was performing functions enjoined on it by law, citing Tex. Loc. Gov't Code Ann. §§ 217.041-.042 (Vernon 2002). We similarly find the evidence presented thus far insufficient to demonstrate that the City's actions were encompassed within a governmental function relating to abatement of nuisances.[5]

By Section 101.0215 the legislature has defined almost all the functions of a municipality as governmental. *Edinburg Hosp. Auth. v. Trevino*, 941 S.W.2d 76, 83 (Tex. 1997) (Hecht, J., concurring). *See also Butler*, 131 S.W.3d at 177-78; *Mitchell v. City of Dallas*, 855 S.W.2d 741, 744 (Tex.App.–Dallas 1993), *aff'd*, 870 S.W.2d 21 (Tex. 1994) (rejecting narrow application of listed governmental functions). Further development of the facts may demonstrate that the damages claimed arise from a governmental function of the City. *See Spindletop MHMR v. Doe*, 54 S.W.3d 893, 895-96 (Tex.App.–Beaumont 2001 pet. denied) (pointing out state agency could reassert immunity defense if evidence later demonstrated that under "specific facts" of case, sovereign immunity was not waived). *See also Miranda*, 133 S.W.3d at 227-28 (discussing timing of jurisdictional determination). Based on the record before us, though, we find the trial court did not err in denying the

_____

[5] Again, Southern's evidence the City owned the demolished building suggests that any nuisance maintained there may have been maintained by the City. The City does not cite us to authority holding that abatement by a city of a nuisance also maintained by a city is a governmental function as a matter of law.

6

City's plea to the jurisdiction.[6]  We overrule the City's sole issue, affirm the trial court's order and remand the case to the trial court for further proceedings.

James T. Campbell
Justice

---

[6] The City's plea to the jurisdiction dealt also with the taking claim Southern alleged under the Texas Constitution based on the damage to Stuller's property.  Tex. Const. art I, § 17; *Steele v. City of Houston*, 603 S.W.2d 786 (Tex. 1980).  Our affirmance of the trial court's denial of the City's plea to the jurisdiction with respect to Southern's negligence claim makes it unnecessary for us to address the trial court's jurisdiction over the taking claim, and we express no opinion on the validity of the plea to the jurisdiction as addressed to that claim.