## CITY OF WACO v. THRALLS.

### No. 2064.

Court of Civil Appeals of Texas. Waco.

April 20, 1939.

Rehearing Denied May 25, 1939.

Allan D. Sanford, City Atty., George W. Morrow and Mabel Grey Howell, Assts. City Atty., and Darden, Burleson & Wilson, all of Waco, for appellant.

John McGlasson and Eugene McGlasson, both of Waco, for appellee.

ALEXANDER, Justice.

John Thralls was injured while operating an electric drill in line with his duty as an employee of the city of Waco. He sued the city for damages, alleging that the drill furnished to him for operation was defective, and that such defect caused his injuries. A trial before a jury resulted in judgment for plaintiff in the sum of $8,001.50. The defendant appealed.

Waco is a home ruled city, operated on the city manager plan. The city charter provides: "The city of Waco shall not be held responsible on account of any claim for damages to any person or property unless the person making such complaint or claiming such damages shall within thirty days after the time in which it is claimed such damages were inflicted upon such person or property, file with the City Secretary, a true statement under oath, as to the nature and character of such damages or injuries, the extent of the same, and the place where same happened, the circumstances under which happened, the condition causing same, with a detailed statement of each item of damages and the amount thereof, and if it be for personal injuries, giving a list of the witnesses, if known to affiants who witnessed such accident, and unless further, that suit be filed thereon within six months from the date such injuries were received." It is conceded that plaintiff received the injury complained of on June 15, 1934, and that he did not file his claim for damages, as required by the above quoted charter provisions, until November 25, 1936, and that he did not file suit for his damages until December 3, 1936, but it is contended that the city waived compliance with the above charter provisions and is now estopped to assert same. In support of this contention plaintiff testified that he received a very severe strain to his back while operating an electric drill for the city on June 15, 1934; that the shop foreman sent him to the city physician for treatment; that the city physician told him that he had received a very severe strain in his back; that the physician taped his back and told him to go home and stay in bed for two weeks and do light work for another thirty days and that he would then be able to resume his regular work at the shop; that he believed and relied on these representations; that he laid off for two weeks as instructed and then returned to his job and worked at light work for a few days when he took his summer vacation for ten or fifteen days; that during this time his back continued to hurt him; that after his vacation he returned to his work but continued to suffer pain; that on August 18, 1934, while repairing a street sweeper, in line of duty, he received another injury to his back which seriously aggravated the previous injury. It is not contended, however, that the city was guilty of any negligence in connection with the second injury. He further testified that he was totally disabled to work after receiving the second injury in August 1934; that the city continued to pay him his full salary until December 15, 1934, and thereafter paid him sixty per cent of his salary until November 1, 1936, at which time all compensation was stopped; that the fact that the city continued to pay him his salary and the city physician reported to him that he would soon recover induced him not to file a claim for his damages. There was evidence that at the time in question the city physician had instructions from the city manager to treat all employees injured in line of duty and to report the injury to the city manager, and that the city usually continued to pay said employees their salary until they were able to return to work, regardless of who was responsible for the injuries which they had sustained. The jury found that the shop foreman sent plaintiff to the city physician for treatment; that the city physician advised plaintiff to lay off work

for two weeks and then to do light work for thirty days, and that he would then be able to resume his regular work; that plaintiff believed and relied on said advice and would have filed his claim with the city for damages if he had not been so advised. These are the only findings made by the jury in support of plaintiff's contention of waiver and estoppel.

■■ The provisions of the city charter requiring suits for personal injuries to be filed within six months from the date the injuries were received is in direct conflict with the provisions of sec. 6 of Revised Statutes, art. 5526, which provides that suits for injury done to the person of another shall be barred by limitation in two years. Our State Constitution, art. 11, sec. 5, Vernon's Ann.St., authorizing cities to adopt Home Rule Charters provides that such cities may "adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State * * *." See also R.S. art. 1165. It has been held many times that any ordinance or charter provision of a Home Rule city that is contrary to or inconsistent with any general law enacted by the Legislature is void. City of Lubbock v. Magnolia Petroleum Co., Tex.Com.App., 6 S.W.2d 80; Texas Power & Light Co. v. Brownwood Public Service Co., Tex.Civ.App., 111 S. W.2d 1225; City of Lubbock v. South Plains Hardware Co., Tex.Civ.App., 111 S.W.2d 343; Murphy v. Wright, Tex.Civ. App., 115 S.W.2d 448; Municipal Gas Co. v. City of Sherman, Tex.Civ.App., 89 S.W. 2d 436. Since the provisions in the city charter of the city of Waco requiring suits for personal injuries to be brought within six months after the injury is in conflict with the statute which fixes a period of two years as the limitation for such suits, the charter provision is void and unenforceable. Cases decided prior to the adoption of the Home Rule amendment to the Constitution sustaining the validity of charter provisions shortening the period of limitation are not in point.

■■ The provision in the city charter requiring that notice of claim for damages he filed with the city within thirty days is apparently valid. Cawthorn v. City of Houston, Tex.Com.App., 231 S.W. 701; City of Waco v. Watkins, Tex.Civ.App., 292 S.W. 583; City of Beaumont v. Baker, Tex.Civ.App., 95 S.W.2d 1365; 30 Tex. Jur. 555. The provision requiring the filing of notice of claim for damages may be waived by the duly authorized city officials, provided the waiver occurs before the expiration of the period for filing same. Cawthorn v. City of Houston, Tex.Com. App., 231 S.W. 701; 30 Tex.Jur. 558. The only material question to be determined is whether or not the filing of the claim in this instance was actually waived by a duly authorized agent of the city. The only representation found by the jury as having been made to the plaintiff which induced him to believe that the city would not insist on the filing of the claim in compliance with the provisions of the charter was the statement made to him by the city physician to the effect that if plaintiff would lay off work for two weeks and do light work for another thirty days, he would then be able to resume his regular duties. There are two reasons why we think this purported representation on the part of the city physician was insufficient to constitute a waiver of the charter provision. In the first place, at the time the conversation in question occurred, the parties were not dealing with nor discussing the question as to whether or not the injured employee should file a claim for damages. The physician was merely advising the patient as to the procedure which he should follow in the treatment of his ailment and the probable results which he might expect. In the second place, the city physician had no authority to waive the filing of such claim and thereby bind the city. The charter did not require that the claim be filed with him and he had no duty to perform in connection therewith nor authority to say whether or not the filing of the claim should be waived or the damages paid. That authority was vested in the city council. Cawthorn v. City of Houston, Tex.Com.App., 231 S.W. 701; Cole v. City of Seattle, 64 Wash. 1, 116 P. 257, 34 A.L.R.,N.S., 1166, Ann.Cas.1913A, 344.

■ The fact that the city manager and city council may have learned from other sources of plaintiff's injuries did not dispense with the necessity of filing claim in the manner provided by the charter. Although they may have learned that the injury had occurred, this was not sufficient

to warn them that plaintiff would seek to hold the city responsible for the damages and that preparations should be made to defend the law suit. Touhey v. City of Decatur, 175 Ind. 98, 93 N.E. 540, 32 L.R.A.,N.S., 350, 3 N.C.C.A. 390; 43 C.J. 1203, 1209; Cole v. City of St. Joseph, Mo.Sup., 50 S.W.2d 623, par. 5, 82 A.L.R. 742.

The question as to whether plaintiff was lulled into sleep by the conduct of the city in continuing to pay him his salary, as it customarily did regardless of liability therefor, was not submitted to the jury.

On February 19, 1935, the City Commission of the city of Waco adopted the following resolution: "That, Whereas, John Thralls, an employee of the city of Waco, was injured in line of duty and is now carried upon the payroll at sixty per cent of his former wage and it is probable that he will be disabled for a period of approximately twelve months longer before he can resume his usual duties. Therefore, it is the sense of this Board that, if the city discontinues payment of the said sixty per cent of his former wage before the said John Thralls is able to resume his duties, his cause of action, if any, against the city of Waco shall be treated as if it had arisen at the time the payments are discontinued; that is, if they are discontinued before said John Thralls has recovered from injuries received in line of duty herein referred to."

While the City Commission by the above resolution did all that it could to recognize plaintiff's claim and to waive the filing of the claim within the thirty day period, we think the resolution came too late to accomplish that purpose. It will be noted that the injury occurred on June 15, 1934. The charter required notice of claim for damages to be filed within thirty days from the date of injury. The resolution was not adopted until February 19, 1935. Therefore, the time within which the claim could be made expired before the resolution was adopted. In the case of Cawthorn v. City of Houston, 231 S.W. 701, the Commission of Appeals doubted the authority of the City Commission to waive the filing of claim for damages after the time for filing same had expired. In 43 C.J. 1211, the rule is announced as follows:

"Where a claim for damages is barred by reason of its not being presented within the prescribed time, it cannot be subsequently revived by the municipal authorities, in the absence of express statutory authority * * *."

We think the above rule is sound. The provision limiting the time for giving notice of claim was written into the organic law of the city by the people themselves as a precaution against fraudulent claims. The authority of the City Commission as an agency of the city is necessarily limited by the limitations found in the charter, for the Commission cannot rise above the people from whom it receives its power. It necessarily results that the City Commission could not lawfully suspend this charter provision and recognize a claim that had not been filed in accordance with the express provisions thereof. It is within the principles of equity to hold that where the proper authorities of a municipality have induced a claimant to believe that compliance with the charter provisions is unnecessary and have thereby induced him to forego filing his claim until after the expiration of the allotted time, the municipality is thereby estopped to assert that it had not waived compliance with the provisions of the charter; but where nothing was done by the municipality to prevent compliance with the charter provisions until after the expiration of the time for filing the claim and all rights thereunder had been lost, a different rule applies. To permit the Commission to so revive such a claim would be granting to it the right to suspend the expressed provisions of the charter.

Since the representations alleged to have been made by the city physician to the plaintiff concerning the nature and extent of his injuries were insufficient to constitute a waiver of the charter provision requiring the filing of notice of claim within thirty days after the injury, and since this was the only finding made by the jury tending to support the plaintiff's plea of waiver, the verdict of the jury is insufficient to support the judgment of the trial court.

For the reasons above stated, the judgment of the trial court is reversed and the cause is remanded for a new trial.