## CITY OF WACO V. CHARLIE LANDINGHAM.

No. 7732. Decided December 3, 1941.
Rehearing overruled January 14, 1942.
(157 S. W., 2d Series, 631.)

*Allan D. Sanford,* City Attorney, *Geo. W. Morrow* and *Mabel Grey Howell,* Assistants City Attorney, of Waco, for appellant.

As to the constitutionality of the article of the city charter which requires that notice be furnished the city of damages, its character, place where same happened and the circumstances under which it happened, etc., Middleton v. Texas P. & L. Co., 108 Texas 96, 185 S. W. 556; Meyers v. Jefferson Standard Life Ins. Co., 284 S. W. 216; Luke v. City of El Paso, 60 S. W. 363.

*Bryan & Maxwell,* and *Stanley Bryan,* of Waco, for appellee.

It being the duty of the city to furnish its employees with a safe place to work and with safe appliances, which duties are not deligable, the servant does not assume the risk incident thereto, and in the instant case, having been assured by the driver of the truck that the brakes had been repaired, plaintiff had the right to rely on such assurance. 29 Tex. Jur. pages 152, 177, 191; Chicago, R. I. & G. Ry. Co. v. Frederick, 74 S. W. (2d) 275; Orange Lbr. Co. v. Ellis, 105 Texas 363, 150 S. W. 582.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This case is before us on a certified question from the Court of Civil Appeals at Waco. The certificate is accompanied by an opinion, as required by our rules.

It appears that Charlie Landingham sued the City of Waco, Texas, for damages for personal injuries, alleged to have been received by him as a result of the negligence of the City. Trial in the district court with the aid of a jury resulted in a verdict and judgment in favor of Landingham in the sum of $10,500.00. On appeal by the City to the Court of Civil Appeals, that court reversed the judgment of the district court and rendered judgment for the City. Pending final action on motion for rehearing filed by Landingham, the Court of Civil Appeals has certified a question of law to this Court. We will later state such question.

It appears that the City of Waco is what is generally known as a home rule city. It is governed by a charter, which contains the following provision:

"Art. 3. The City of Waco shall not be held responsible on account of any claim for damages to any person or property unless the person making such complaint or claiming such damages shall, within thirty days after the time at which it is claimed such damages were inflicted upon such person or property, file with the City Secretary, a true statement under oath, as to the nature and character of such damages or injuries, the extent of the same, and place where same happened, the circumstances under which happened, the conditions causing same, with a detailed statement of each item of damages and the amount thereof * * *."

The record before us shows that Landingham attempted to comply with the above charter provision, but the Court of Civil Appeals found that the statement or claim as filed was insufficient, as a matter of law, to meet the requirements of such charter provisions, and for that reason reversed the judgment of the district court and rendered judgment for the City.

On original hearing in the Court of Civil Appeals, and on motion for rehearing in that court, Landingham's counsel earnestly contended that the above charter provision was unconstitutional, in that it violates both Section 13 of Article 1 of our State Constitution and the Fourteenth Amendment to the Constitution of the United States. The Court of Civil Appeals overruled such contention. With the record as above detailed, the Court of Civil Appeals, pending action on Landingham's motion for rehearing, has certified to this Court the following question:

"Under the facts stated, were we in error in holding that the charter provision in question was not unconstitutional?"

If we properly interpret the brief and argument of counsel for Landingham, they, in substance, contend that this charter provision is unconstitutional because it is unreasonable and discriminatory, in that it is not possible to give it a fair and impartial application in all instances. In this connection, it is contended that such charter provision, if applied at all, must be given universal application, and that when this is done it would apply to infants of tender years, lunatics, and those too seriously injured to be able to comply.

In our opinion, this charter provision cannot be held unconstitutional merely because it cannot be given universal application. In this connection, we think it is a settled rule of statutory construction that where the language of a statute is broad enough to cover matters without, as well as within, the power of the Legislature to enact, courts should construe the statute in a restricted manner, as applying only to matters lying within the legislative power. This rule should be applied in all instances, unless the statute itself clearly indicates otherwise. 16 C. J. S., p. 247, sec. 98, and authorities there cited; 11 Am. Jur., p. 733, sec. 100; Prudential Building & Loan Assn. v. Shaw, 119 Texas 228, 26 S. W. (2d) 168; Maud v. Terrell, 109 Texas 97, 200 S. W. 375; Commonwealth v. Schuylkill, 327 Pa. St. 127, 193 Atl. 638. Under this rule, even should it be held that this charter provision cannot be applied in all instances, still such fact would not render it unconstitutional in instances where it would not be unreasonable or discriminatory to do so.

We answer the question certified as above indicated.

Opinion delivered December 3, 1941.

Rehearing overruled January 14, 1942.