## CITY OF BROWNSVILLE V. RAMON GALVIN.

No. 7820. Decided May 13, 1942.
(162 S. W., 2d Series, 98.)

*R. A. Dunkelberg,* of Brownsville, for plaintiff in error.

*H. B. Galbraith* of Brownsville, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Galvan sued the City of Brownsville for damages for personal injuries. A plea in abatement was filed by the City based upon the failure of the plaintiff to serve it with written notice of his injury within thirty·days after same was sustained. By an ordinance of the City, Galvan was required, as a condition precedent to filing suit, to serve the City with a written notice within thirty days after the time he claimed to have sustained his damages, the requisites of the written notice being prescribed in the ordinance. The City filed a plea in abatement to the suit on the ground that Galvan had failed to comply with the ordinance. After a hearing the plea was sustained. Thereafter Galvan amended his pleading, alleging as an estoppel and waiver certain acts of officers and representatives of the City. Thereupon the City filed what it designated as a motion to strike the petition and dismiss the case. The trial court heard the motion and ruled that the allegations were insufficient, as a matter of law, to set up an estoppel or waiver. Galvan refused further to amend and the trial court thereupon dismissed the case at his cost, from which order Galvan appealed. The Court of Civil Appeals did not sustain any of his assignments of error, as we understand its opinion, but reversed the judgment of the trial court on fundamental error, that error being that the matter urged by the City in its motion to strike should have been pleaded in bar and not in abatement. 144 S. W. (2d) 966.

■ The motion to strike was, in effect, but another form of a general demurrer. The City, instead of merely filing a demurrer, chose to point out specifically in the form of a preliminary motion the particulars in which the pleading was insufficient to meet the condition precedent to suit. We think that method, under the circumstances, was preferable to that of relying upon a demurrer, and it is not perceived how any possible in-

jury could have been sustained by the plaintiff on that account. We quote from 33 Tex. Jur. pp. 563-4, Sec. 129:

"Where defects of form are complained of the proper mode of objection is by exception, not by motion to strike. But in certain circumstances instead of filing an exception the objector may move to strike the pleading or part or parts thereof; or, ignoring the pleading, he may demand the entry judgment on his claim, or (if the objector be a defendant) he may ask the court to dismiss the case. While these modes of objecting are thus alternative to an exception in regular form, they are well adapted to direct the court's attention to the irregularity complained of; and in some instances at least a motion to strike, or for judgment because of the absence of regular pleading, appears to be the more logical procedure.

"Needless to say, when a motion asks that a whole pleading be stricken, or that judgment be entered in favor of movant, it is the equivalent of a general demurrer. * * *." The authorities cited in the footnotes support the text.

Galvan is not complaining of any irregularity in the pleading or of any failure on the part of the City to observe the due order of pleading. On the contrary, in his brief filed in the Court of Civil Appeals he states:

" * * * In brief, the Court's action had the effect of sustaining a general demurrer to Appellant's Second Amended Original Petition. Appellant refusing to amend for the obvious reason that no truthful amendment could be made to bring him within the purview of the Court's and Charter requirements, the Court dismissed this action; * * *."

■ We cannot agree with the Court of Civil Appeals that there was fundamental error in the trial court's judgment.

■ We have inspected the briefs filed by Galvan in the Court of Civil Appeals for the purpose of determining whether or not by sustaining any assignment which he brought there we might affirm its judgment of reversal. Those assignments present two questions of law. One such question is the validity of the ordinance requiring the furnishing of the written notice. The ordinance is substantially the same as that of the City of Waco which was before the courts in the case of City of Waco v. Thralls, 128 S. W. (2d) 462, and City of Waco v. Landingham, 138 Texas 156, 157 S. W. (2d) 631. On the authority of those two cases we overrule the assignments ques-

tioning the constitutionality of the ordinance of the City of Brownsville without further discussion.

■ Other assignments in the Court of Civil Appeals were directed to the holding of the trial court that the amended petition did not allege facts sufficient to form the basis of a waiver by the City of the requirements of notice contained in the ordinance or of an estoppel to insist upon an observance of such requirements by Galvan. Those assignments cannot be sustained. The acts of the representatives of the City relied on as constituting estoppel and waiver were performed after the lapse of thirty days from the date when Galvan claimed to have sustained his damages. This is shown by the petition. Even if such acts were otherwise sufficient to evidence an intention on the part of the City voluntarily to relinquish its right to rely upon the ordinance or to estop it from insisting upon its observance by Galvan, they cannot be considered for either such purpose, because they occurred after the lapse of the time within which the notice was required by the ordinance to be filed. City of Waco v. Thralls, supra.

No assignment presented by Galvan to the Court of Civil Appeals can be sustained, and since in our opinion no fundamental error was presented, it follows that the judgment of the Court of Civil Appeals should be reversed and that of the trial court affirmed. It is so ordered.

Opinion adopted by the Supreme Court May 13, 1942.