**Buel Gene SIMPSON et al., Appellants,**

**v.**

**CITY OF ABILENE et al., Appellees.**

**No. 3947.**

Court of Civil Appeals of Texas.

Eastland.

March 19, 1965.

Rehearing Denied April 9, 1965.

Warren Burnett, Robert E. Hoblit, Odessa, for appellants.

Les Cochran, Abilene, for appellees.

WALTER, Justice.

Buel Gene Simpson, individually and as next friend for his seven year old son Michael, filed suit against the City of Abilene and Herman Benjamin Smith to recover damages for personal injuries sustained by the minor on or about October 31, 1958, as a result of being run over by a pickup truck owned by the city while being driven by Smith.

The city answered that the plaintiffs' claims were barred by the two year statute of limitation. It also answered that plaintiffs had failed to comply with the city's ordinances requiring the injured person or someone in his behalf to give the Mayor or Board of Commissioners notice in writing of such injury within thirty days after the injury. It pleaded that the ordinance provided that said notice should be a condition precedent to the right to sue the city and required plaintiffs to affirmatively allege and prove a compliance with the ordinance before suit could be maintained. The city's answer was verified.

Smith answered that plaintiffs' claims were barred by the two year statute of limitation.

The City of Abilene and Smith filed a joint motion for a summary judgment and asserted that as a matter of law they were entitled to a judgment because plaintiffs' claims were barred by the two year statute of limitations and because plaintiffs had failed to comply with the city ordinance requiring thirty days notice. The court granted defendants' motion for summary judgment. The plaintiffs have appealed.

Appellants contend the court erred in holding that their cause of action was barred by the two year statute of limitation; in holding that they were required to comply

with the city's ordinance requiring thirty days notice of their claim; in holding that they were barred from suing Smith in his individual capacity because of failure to comply with the city's ordinance on notice and in holding that they were required to oppose the motion for summary judgment with controverting affidavits.

■ Appellants were not required to file counter affidavits. In Freeberg v. Securities Investment Company of St. Louis, Tex.Civ.App., 331 S.W.2d 825, (Writ Ref.), the court said:

"Summary judgments are not granted by default, but upon the movant's discharge of his burden to show the absence of fact issues. If movant's showing poses only a question of law, there is no need to file counter-affidavits. Couey v. Arrow Coach Lines, Tex.Civ. App., 288 S.W.2d 192. When movant's own showing develops a fact dispute, he defeats his own summary judgment, though there are no counter-affidavits. Jindra v. Jindra, Tex.Civ.App., 267 S. W.2d 287; Rolfe v. Swearingen, Tex. Civ.App., 241 S.W.2d 236; 4 McDonald Texas Civil Practice, § 17.26.3. A respondent is entitled to rely upon admissions, depositions and exhibits in the record, though he has not filed counter-affidavits. Ragsdale v. Mc-Laughlin, Tex.Civ.App., 285 S.W.2d 467. On the basis of either of these rules, Freeberg had standing before the court at the summary judgment hearing, and the inference that he lost because he did not have a sworn answer or opposing affidavits is not correct."

■ The appellees alleged that their grounds for a summary judgment were supported by the pleadings of the parties and by a certified copy of the ordinance requiring thirty days notice, which was attached as an exhibit. "It is obvious that a motion for summary judgment on the pleadings, by the defendant, is equivalent in effect to our old general demurrer." Summary Judgment Procedure, by Suggs and

Stumberg, Vol. XXII, No. 4 Texas Law Review, pages 433, 438. Their motion was not supported by affidavits, depositions or other proof permitted in a summary judgment proceeding on the issues made by the pleadings. The appellees' motion for summary judgment therefore challenged the sufficiency of the appellants' pleadings to raise issues of fact. Appellees were asking for a summary judgment on the pleadings. They were, in effect, saying to the court, we admit that all the facts set forth in the petition are true, but the petition is fatally deficient in substance. The operation of a motion for summary judgment on the pleadings "is closely analogous to a special exception challenging the sufficiency of the opponent's pleadings as a matter of law. Summary Judgments by Ray W. McDonald, 30 Texas Law Review 285, at page 297.

■ Appellants pleaded that the accident occurred on or about October 31, 1958, at which time Michael was seven years of age. Their petition was filed on March 7, 1961. Appellees' contention that the two year statute of limitation is applicable against the minor cannot be sustained. We hold that the minor's cause of action against the City and Smith was not barred by the two year statute of limitation. Article 5535, Vernon's Ann.Civ.Tex.St., provides that if a person is a minor at the time his cause of action accrues, "the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title." See also Texas Utilities Company v. West, (Writ Ref.), Tex.Civ. App., 59 S.W.2d 459. We are of the opinion that Mr. Simpson's claim is barred by the two year statute of limitation.

Was seven year old Michael required to comply with the city's ordinance requiring thirty days notice before filing suit? In Wones v. City of Houston, (No writ history), Tex.Civ.App., 281 S.W.2d 133, the court held that a minor plaintiff over twenty years of age at the time of his injuries was

required to comply with the city's ordinance requiring that notice be given to it before suit was filed. The court pointed out that it was the established law in this state that allegation and proof that said notice was given are conditions precedent and that failure to so allege and prove is fatal. The court said:

"Only three exceptions to such established rule appear to be recognized. They are: (1) where the claimant is incapacitated during the prescribed time from giving the notice, City of Tyler v. Ingram, Tex.Civ.App., 157 S.W.2d 184, reversed 139 Tex. 600, 164 S.W.2d 516; (2) where the city is estopped from requiring compliance, Cawthorn v. City of Houston, supra [Tex.Com. App., 231 S.W. 701]; and (3) where a taking or damaging of property is involved, City of Waco v. Roberts, 121 Tex. 217, 48 S.W.2d 577."

The court further said:

"However, it is our view that minority, in order that it be relied upon as an excuse for non-compliance, must be such as to produce, in fact, an actual physical or mental incapacity to comply."

The controlling question is whether or not a child seven years of age is physically or mentally incapable of complying with the City's ordinance. Children who are under nine years of age are not amenable to the criminal laws of this State except for perjury under certain conditions. Article 30 Penal Code. Rule 44, T.R.C.P., places minors in the same category with lunatics, idiots and persons non compos mentis and permits them to sue and be represented by "next friend" under certain conditions. In Gottschalk v. Rudes, 159 Tex. 552, 324 S.W. 2d 201, our Supreme Court on the subject of common law negligence, at page 204, said:

"it is well settled that where common-law negligence as distinguished from negligence per se is involved, the minor is judged by the standard of a child and not that of an adult."

Our law does not permit a minor to have his disabilities of minority removed until he has become nineteen years of age. Article 5921, V.A.C.S. In Wones v. City of Houston, supra, the court referred to cases from other jurisdictions holding that

"compliance with such ordinance requirements is an indispensable prerequisite to the bringing of an action by any person regardless of his age or his physical or mental condition."

The court also cited cases from other jurisdictions which held that notice under said ordinances was not applicable to minors. The court said:

"Our examination of the last cited authorities indicates, however, that in each instance the court held the ordinance there in question to be inapplicable, not because of the legal disability of minority, but because of the actual physical and mental incapacity which the youthfulness of the claimant produced."

▮ We are of the opinion that a child seven years of age is excused, as a matter of law, from complying with the City's ordinance requiring the injured party to give the City written notice of his claim within thirty days after his injury. In any event, it would be, at least, a question of fact whether a child seven years of age had the physical or mental capacity to comply with said ordinance.

Buel Gene Simpson's cause of action, individually, against the appellees is barred by the two year statute of limitation. The judgment of the trial court so holding is, therefore, affirmed.

The judgment sustaining the appellees' motion for a summary judgment against the minor Michael Simpson is reversed and the case is remanded for a new trial.

Affirmed in part and reversed and remanded in part.