

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

January 18, 1965

Honorable Steve Latham
County Attorney
Hill County
Hillsboro, Texas

Opinion No. C-378

Re: Whether a County
Attorney may rep-
resent himself in
the trial of a
misdemeanor charge
filed in another
county.

Dear Mr. Latham:

Your letter concerning the above captioned question
reads in part as follows:

"In accordance with Article 4399 of
Vernon's Civil Statutes, the opinion of the
Attorney General is requested on the follow-
ing question:

"May a County Attorney of one County rep-
resent himself on the trial of a misdemeanor
charge filed in another County?

"The following facts are pertinent: The
undersigned County Attorney of Hill County has
been charged with a misdemeanor game violation
in Mason County."

Article 32 of Vernon's Code of Criminal Procedure
provides as follows:

"District and County Attorneys shall not
be of counsel adversely to the State in any case,
in any court, nor shall they, after they cease
to be such officers, be of counsel adversely to
the State in any case in which they have been
counsel for the State."

-1795-

We are not deciding whether a District or County Attorney who represents himself on the trial of a misdemeanor charge is "of counsel" as that term is used in Article 32, supra, but for the purpose of this opinion, even if such attorney is "of counsel", it is our opinion, based upon the following authorities, that such Article should be construed so as to except from its prohibition the right of such attorneys to represent themselves.

The legislative power which has been vested in our State is plenary and complete except as that power is limited by the State Constitution or by the Federal Constitution. Ferguson v. Maddox, 114 Tex. 85, 263, S.W. 888 (1924); Terrell v. King, 118 Tex. 237, 14 S.W.2d 786 (1929).

We believe that Article 32, Vernon's Code of Criminal Procedure, is generally sound and serves a legitimate legislative purpose. Were it not that its terms seem to prohibit absolutely a county or district attorney from defending himself against any criminal charges lodged against him, except upon resignation from office, its constitutionality would not be open to doubt.

However, the freedom to participate in the preparation of one's own defense is a fundamental right guaranteed by both the State and Federal Constitutions. U. S. Const. Amendment VI; Tex. Const. Art. I, Sec. 10; Anselin V. State, 160 S.W. 713 (Tex. Crim. 1913).

Although public office is a privilege and not a right, a person cannot normally be barred from public office for exercise of his constitutional rights. "...we need not pause to consider whether an abstract right to public employment exists. It is sufficient to say that constitutional protection does extend to the public servant whose exclusion pursuant to a statute is patently arbitrary or discriminatory." Wieman v. Updegraff, 344 U.S. 183 at page 192, 73 S.Ct. 215, 97 L.Ed. 216 (1952); ". . .that a person is not compelled to hold public office cannot possibly be an excuse for barring him from office by state imposed criteria forbidden by the Constitution. . . ." Torcaso v. Watkins, 367 U.S. 488 at pages 495, 496; 81 S.Ct. 1680, 7 L.Ed.2d 982 (1961).

Moreover, even if some compelling reason may be shown

for restricting the exercise of constitutional rights, the burden is on the State to show necessity and that no alternative forms of regulation not restrictive on constitutional rights would suffice. "In a series of decisions this Court has held that even though the governmental purpose be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved. The breadth of legislative abridgment must be viewed in the light of less drastic means for achieving the same basic purpose." Shelton v. Tucker, 364 U.S. 479 at page 488, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960).

In its desire to guard the public against improper administration by district or county attorneys, the Legislature appears to have deemed it proper to forbid disloyalty by enactment of Article 32 to strike down all possibly disloyal acts, rather than attempt to separate the harmless and the harmful.

In most cases this would be within the Legislature's power since it is normally neither necessary nor desirable to permit county or district attorneys to act in two capacities in their normal dealings with the State. Article 32 would become unconstitutional only if it infringes on the constitutional right to defend oneself against criminal prosecution when the public welfare does not require such stringent protection. We think it clear such stringent protection is not required under the fact situation about which you have inquired. However, we wish to reemphasize the constitutionality of Article 32 generally and stress that we express no opinion with respect to fact situations which go beyond the one here involved.

The Supreme Court of Texas has declared, ". . .it is a well settled rule of statutory construction that where the language of a statute is broad enough to cover matters without, as well as within, the power of the Legislature to enact, courts should construe the statute in a restricted manner, as applying only to matters lying within the legislative power. This rule should be applied in all instances unless the statute itself clearly indicates otherwise. . . ." Waco v. Landingham, 138 Tex. 156, 157 S.W.2d 631 at page 633 (1941).

Pursuant to the above, we conclude that Article 32, Vernon's Code of Criminal Procedure, must be construed so as to except from its prohibitions the right to defend oneself against a misdemeanor charge brought in another county. Any other construction would render it unconstitutional in violation of U. S. Const. Amendment VI, and Texas Const. Art. I, Sec. 10.

## S U M M A R Y

Article 32, Vernon's Code of Criminal Procedure, should be construed so as to except from its prohibition the right of a county attorney to represent himself on the trial of a misdemeanor charge brought in another county. Any other construction would render it unconstitutional in violation of U.S. Const. Amendment VI and Texas Const. Art. I, Sec. 10.

Very truly yours,

WAGGONER CARR
Attorney General

By:

L. J. (Larry) Craddock
Assistant

LJC:sj:mkh:clm

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Howard Fender
Malcolm Quick
Kerns Taylor
James Strock

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone