**EMPIRE FINANCE SERVICE, INC. and
Swift L. Lindley, Appellants,**

v.

**WESTERN PREFERRED LIFE INSUR-
ANCE COMPANY, Appellee.**

No. 4968.

Court of Civil Appeals of Texas,
Waco.

Dec. 17, 1970.

Rehearing Denied Jan. 14, 1971.

Gillespie & McClendon, Wm. J. Gilles-
pie, Lubbock, for appellants.

Akin, Gump, Strauss, Hauer & Feld,
Michael Lowenberg, Dallas, for appellee.

OPINION

WILSON, Justice.

The only question in this summary judg-
ment appeal is whether plaintiff's proof
is sufficient to establish as a matter of law
the amount of offsets to which defendant
is entitled so as to show there is no gen-
uine issue of material fact. In our opin-
ion the proof will not authorize summary
judgment, and we reverse.

■ Plaintiff sued on a note and a de-
benture. All issues concerning these in-
struments, except the amount due, are
undisputed. Recovery by plaintiff is oth-
erwise authorized thereon. The original
petition was verified by the affidavit of
plaintiff's attorney. It made no reference
to offsets, except the affidavit recited that
all just and lawful offsets and credits
had been allowed. Defendants' verified
answer alleged that credit had not been
given for reserves, which it had been
agreed would be credited; that defendant
did not know the correct amount of re-
serves which should be credited because
these were in plaintiff's exclusive posses-
sion; and an accounting was demanded.

Plaintiff then filed a motion for sum-
mary judgment stating defendant was en-
titled to credit for reserves in the net sum
(after deducting claims paid and cancella-
tions, of $3,326.56, and after adding item-
ized interest charges and attorney's fees)
of $37,883.64.

The motion alleged that "Plaintiff and
its certified public accountant" have exam-
ined plaintiff's records and have deter-
mined the recited information concerning
reserves, which were assigned as security,
and which "are to be applied against the
total amounts due to plaintiff."

There appears in the transcript an affida-
vit by plaintiff's secretary-treasurer which
refers to a motion for summary judgment,

but it is dated nearly a year before the present motion was filed. Attached to the filed motion is an affidavit by the plaintiff's secretary-treasurer stating that "to my personal knowledge all of the factual allegations" contained in the petition and motion "are true and correct".

The recital in the motion that "plaintiff" has examined the records and determined the amount of reserves, of course, is a meaningless conclusion. "Plaintiff" is a corporation.

The recital in the motion that plaintiff's "certified public accountant" has examined the records and made the determination alleged, is obviously an allegation of a conclusion based on hearsay. Hearsay and conclusion, consequently, are all the secretary-treasurer has sworn to by stating in the affidavit that the "allegations" are true and correct.

Conclusions in the affidavit will not support a summary judgment. Finger v. St. Paul Fire and Marine Insurance Co. (Tex. Civ.App., 1968, writ ref. n. r. e.) 423 S.W. 2d 460, 463; Greenville Ave. State Bank v. Lang (Tex.Civ.App., 1967) 421 S.W.2d 748 and cases cited.

The affidavit must be based on personal knowledge of affiant. Bestwall Gypsum Division, Georgia-Pacific Corp. v. Padgett Bros. Drywall (Tex.Civ.App., 1968) 425 S.W.2d 844; Dubose v. Parkdale Plaza Co. (Tex.Civ.App., 1966) writ ref. n. r. e.) 408 S.W.2d 324.

The affidavit must show affiant has personal knowledge. Youngstown Sheet and Tube Co. v. Penn (Tex.Sup.1963) 363 S.W.2d 230.

Hearsay may not be made the basis of summary judgment. Youngstown Sheet and Tube Co. v. Penn, above.

Reversed and remanded.