**Thomas Alton McCRARY, Appellant,**

v.

**Audie Boyd SHOWS et al., Appellees.**

**No. 6170.**

Court of Civil Appeals of Texas, El Paso.

April 28, 1971.

Rehearing Denied May 19, 1971.

**804**

Svanas & Svanas, Gloria T. Svanas, Odessa, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Lucius D. Bunton, Ray Stoker, Jr., Odessa, for appellees.

## OPINION

WARD, Justice.

This appeal is by the plaintiff-appellant in an automobile accident case where summary judgment was granted in favor of the municipal corporate defendant, City of Odessa, Texas, and the driver of its vehicle, Audie Boyd Shows. As to the City of Odessa, the judgment of the trial court is affirmed, but in so far as the judgment is in favor of the driver, Audie Boyd Shows, it is reversed and remanded.

Plaintiff, a minor, eighteen years of age, by next friend, his father, brought suit on an accident alleged to have occurred in the City of Odessa on May 23, 1966. Defendants claim that the City, as a political subdivision of the State of Texas, at the time was involved in the performance of governmental functions. The summary judgment proof filed by these defendants consisted, in the main, of a sworn motion for summary judgment setting out that Audie Boyd Shows was operating the City vehicle as Assistant Fire Chief of the City, and was at the time of the collision on the way to a fire, with a siren operating; that Odessa is a Home Rule City operating under a charter provision which requires that before the City of Odessa may be liable for damages for personal injuries of any kind, or for destruction or damage to property of any kind, the injured party, or someone in his behalf, shall give the Mayor and City Council notice in writing of such injury or damage within sixty days after the same has been sustained, stating the details of the occurrence, the extent of injuries, the amount for which the claimant will settle, the residence of the claimant, and the names and addresses of witnesses. It further provides that "a failure to so notify the Mayor and City Council within the time and manner provided therein shall exonerate, excuse and exempt the City from any liability whatsoever". A complete failure to comply with these charter provisions is relied on by the defendants to exonerate, excuse and exempt

the City from any liability. As summary judgment proof, there is an affidavit of Donald Neighbors, dated December 8, 1969 (the City Manager of the City of Odessa) to the effect that as a result of a search of all records in the City Hall relating to the accident in question, no notice was shown to have been given concerning the accident by the plaintiff, or in his behalf, until May 15, 1967, almost a year after the occurrence, when the then City Manager received a letter from the plaintiff's attorneys; and the only other communication was the service of citation, this being served August 3, 1967. The affidavit further asserts that the records reveal that Audie Boyd Shows was, at the time of the collision, Assistant Fire Chief of the City of Odessa and was driving a City vehicle in his official capacity and was proceeding to a fire.

The appellant's first point complains of the granting of the summary judgment in favor of the defendant, Audie Boyd Shows. Not only does the summary judgment proof fail to establish a defense for Shows at this stage of the proceedings, but the appellee Shows concedes that the judgment was improvidently granted. The appellant's first point is sustained.

■ The appellant's entire attack against the City on this appeal is made on various theories that the City's defense of no notice and presentment of claim is inapplicable, excused or illegal. The fact that the plaintiff was a minor at the time of the accident and under the disability of minority is primarily relied upon by the appellant. Minority, waiver and estoppel, and the unconstitutionality of the charter provision are alleged in an instrument entitled, "Answer of the Plaintiff * * * to Motion of Defendants, City of Odessa and Audie Boyd Shows, for Summary Judgment." Ignoring questions as to whether or not this is a pleading only, or a defective affidavit, and treating the matter as being in issue for summary judgment purposes, we first consider the question of minority. The appellant was eighteen at the time of the acci-

dent, working part-time, earning $50.00 a week, and is now of age. No actual physical or mental incapacity is raised. The rule is to the effect that minority alone does not excuse compliance with the notice of claim charter provision of a municipality. Wones v. City of Houston, 281 S.W.2d 133 (Tex. Civ.App., 1955, Galveston, no writ).

■ Next, it is asserted in the answer to the motion for summary judgment that the appellant was ticketed for failure to yield the right of way to an emergency vehicle and was, by the Corporation Court after a hearing on this misdemeanor charge, found not guilty. Further, "that an adjuster representing the insurance carrier for the City of Odessa notified the plaintiff * * * that an investigation was being made of the circumstances of the accident and received a statement from Tom McCrary, witnessed by Leonard McCrary (parent) on June 8, 1966, and such insurance carrier through its adjuster made offer of settlement". Neither waiver nor estoppel is raised from these facts alone. No action or conduct of any officer or employee of the City is claimed which could waive a strict compliance of the charter or which would estop the City from asserting the non-compliance with the charter provision. City of Houston v. Hruska, 155 Tex. 139, 283 S.W.2d 739 (1955); Smith v. City of Dallas, 425 S.W.2d 467 (Tex.Civ.App., Dallas 1968, no writ). Compare City of Denison v. Fulce, 437 S.W.2d 277 (Tex. Civ.App., Texarkana 1969, wr. ref. n. r. e.), wherein the city officials created the waiver or estoppel.

As to the unconstitutionality of the charter provisions, the appellant cites us to no authority, and we are aware of none.

All of the appellant's points having been considered, the judgment of the trial court granting summary judgment in favor of the City of Odessa is affirmed, and that portion of the judgment granting summary judgment in favor of Audie Boyd Shows is reversed and the cause remanded to the lower court for trial.