CITY OF HOUSTON, Appellant,

v.

Deborah Ann Hunt BERGSTROM et vir, Appellees.

No. 487.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 19, 1971.

Rehearing Denied June 9, 1971.

William A. Olson, Willard E. Dollahon, Houston, for appellant.

John H. Holloway, Houston, for appellees.

TUNKS, Chief Justice.

On April 19, 1963, Deborah Ann Hunt, then a minor girl 15 years and 10 months old, was a passenger in a car being driven on the streets in the City of Houston. She sustained personal injuries when the car in which she was riding collided with a steel drainage cover. On July 17, 1963, the 90th day after her injury, an attorney then representing her, presented to the mayor and city councilmen of the City of Houston, written notice that she was asserting a claim against the city for such injuries. This written notice was not verified. On August 25, 1964, her present attorney presented another written notice of her claim, which latter claim was duly verified. On January 25, 1965, she filed suit to recover against the city for damages sustained by her on the occasion of the collision. In 1968, Deborah Ann Hunt was married to C. E. Bergstrom, Jr. An amended petition was filed wherein she sued in her married name and her husband joined therein as plaintiff.

Among other defenses pleaded by the defendant, city, was an allegation that neither the injured party, nor anyone acting in her behalf, had filed a verified claim with the city as required by its charter. The case was tried before a jury. The jury found that the city was given notice of the plaintiff's claim within 90 days, but that such claim was not verified; that during the 90-day period following the accident the plaintiff was not physically and mentally capable of giving such notice; and that the verified notice filed on August 25, 1964 was given within a reasonable time after she became physically and

mentally capable of giving such notice. The jury also found negligence on the part of the city which proximately caused the plaintiff's injury and found her damages to be in the sum of $48,000.

There were no objections to the charge submitted to the jury which have properly been preserved for this appeal. After the verdict the defendant made motion for judgment on the verdict and, alternatively, for judgment notwithstanding the verdict. Such motions were overruled by the trial court and judgment on the verdict for plaintiffs was rendered. Defendant's motion for new trial was overruled and defendant has appealed.

Article IX, Sec. 11 of the Charter of the City of Houston is in the following language:

"Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or some one in his behalf, shall give the mayor and city council notice in writing of such injury or destruction, duly verified, within 90 days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damages sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months, immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the mayor and city council within the time and manner specified herein shall exonerate, excuse and exempt the city from any liability whatsoever, provided that nothing herein shall be construed to effect or repeal section 12 of Article IX of this Charter."

All of appellant's points of error relate to the alleged failure of the plaintiff to meet the requirements of that notice provision.

There may be circumstances under which one injured by the negligence of a city is excused from compliance with a provision for notice required by the city charter as a condition to its liability. In City of Waxahachie v. Harvey, Tex.Civ. App., 255 S.W.2d 549, ref., n. r. e., it was held that one was so excused when he was physically and mentally incapable of giving such notice, or of directing someone else to give it for him, continuously during the period in which the notice was required. Other cases so holding are City of Wichita Falls v. Geyer, Tex.Civ.App., 170 S.W.2d 615, err. ref., w. o. m.; City of Tyler v. Ingram, Tex.Civ.App., 157 S.W.2d 184, rev'd on other grounds, 139 Tex. 600, 164 S.W.2d 516. Simpson v. City of Abilene, Tex.Civ.App., 388 S.W.2d 760, ref. n. r. e., involved a claim in behalf of a child injured when he was seven years of age. No notice of such claim was given as required by the charter of the city. Suit was not filed until more than two years after the injuries occurred. The trial court rendered summary judgment for the city. The Court of Civil Appeals reversed and remanded. It was held that the two-year statute of limitations did not bar the minor claimant's recovery because of the provisions of Art. 5535, Vernon's Ann.Tex.St. As to the failure of the child or someone in his behalf to give notice of his claim as required by the City's ordinance, the Court at p. 763 said:

"We are of the opinion that a child seven years of age is excused, as a matter of law, from complying with the City's ordinance requiring the injured party to give the City written notice of his claim within thirty days after his injury. In any event, it would be, at least, a question of fact whether a child seven years of age had the physical or mental capacity to comply with said ordinance."

City of Waco v. Landingham, 138 Tex. 156, 157 S.W.2d 631, involved a charter provision of the City of Waco which provided that the city should not be liable for damages unless the claimant gave notice within 30 days. A person allegedly injured due to the negligence of the City of Waco and who had not complied with the notice requirement contended that such failure should not preclude his recovery of damages because the notice requirement was in violation of Sec. 13 of Art. 1 of the Constitution of the State of Texas, the Texas "due process" clause. His argument was that the notice provision, if applied at all, must be applied to infants and others under disability and thus, that it denied due process by its terms. The Court of Civil Appeals certified to the Supreme Court a question as to whether the notice provision was constitutional. The Supreme Court, noting the basis of the claimant's argument, said at p. 633:

"In our opinion, this charter provision cannot be held unconstitutional merely because it cannot be given universal application. In this connection, we think it is a settled rule of statutory construction that where the language of a statute is broad enough to cover matters without, as well as within, the power of the Legislature to enact, courts should construe the statute in a restricted manner, as applying only to matters lying within the legislative power. * * * Under this rule, even should it be held that this charter provision cannot be applied in all instances, still such fact would not render it unconstitutional in instances where it would not be unreasonable or discriminatory to do so."

This language clearly indicates that the Supreme Court recognized a question as to the constitutionality of a charter requirement that a minor or other person under disability give a prescribed notice to a city as a condition to his right to recover damages for injuries caused by the city's actionable negligence.

The purpose of the various statutes of limitations in Texas is to require one to present his claim before evidence to rebut it is apt to be destroyed or lost. Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319. The purpose of the charter provisions by many of the home rule cities in the State of Texas requiring a specified timely notice as a condition to the city's liability for damages for personal injuries, whether they be considered statutes of limitations or not, is similar in nature—to permit the city to investigate the basis of the claim while the facts are fresh. City of Abilene v. Fillmon, Tex.Civ.App., 342 S.W.2d 227, ref., n. r. e. Insofar as the limitation statutes are concerned, the Legislature has expressed the public policy of this state in Articles 5518 and 5535, V.A.T.S. Those statutes, generally, provide that the time during which a claimant is under disability such as that of minority, shall not be deemed a portion of the time limited for the commencement of an action on his claim. It seems reasonable that such policy should apply to the time limit fixed for giving a city a notice of a claim against it.

One part of the above quoted notice provision clearly could have no significant application to a minor claimant. It requires that the notice include a statement as to the amount for which the claimant will settle. A minor cannot effectively settle such a claim except by approval of a court in a judicial proceeding wherein he is represented by a next friend, guardian ad litem or other legally qualified representative. Rule 44, Texas Rules Civil Procedure.

In Hanks v. City of Port Arthur, 121 Tex. 202, 48 S.W.2d 944, the Court held unconstitutional a charter provision to the effect that the city would not be liable to persons or property caused by a defect in the city's streets unless a commissioner knew of it by personal inspection at least 24 hours before the injury or unless the defect had been called to the attention of the commissioners by written notice at

least 24 hours before the injury. At p. 948, the Court said:

> "The vice in the notice section of the charter may be illustrated still further. As written it applies to all persons who may be upon the streets; to children, to the blind, and to the aged and infirm, all of whom have the right to use the sidewalks and the streets of a city. White on Municipal Negligence, §§ 473, 352, 655, 658. Are we to say that a small child running an errand, or a small boy selling newspapers to help make the family living, who is injured by reason of a defective sidewalk, due to the negligence of the city, or by reason of otherwise actionable negligence of the city, cannot recover because the infant, or some one for him, has not notified one of the city commissioners twenty-four hours before the accident of the existence of the defect? Would that be reasonable? Is the requirement of a thing impossible from an infant, or one incapacitated for any other reason, due process? We think not; and yet it is a condition precedent to a recovery; it is a part of the process prescribed by the city charter of Port Arthur. Obviously the charter requirement in respect to the notice here involved is unreasonable, and, if unreasonable, it violates the due process clause of the Constitution. * * *"

That language, when considered together with the quoted language from the Landingham case, is most persuasive of the conclusion that a minor should be excused from compliance with the notice requirement of the city's charter as a condition to the city's liability to him for personal injuries caused by its negligence.

In some jurisdictions it is held that one has no common law cause of action against a municipality for personal injuries and that any right to recover for such injuries must be created by statute. In some of those jurisdictions it is held that, since such cause of action is created by statute, a statutory provision forfeiting the cause of action of a minor or other person under disability for failure to give a prescribed notice does not violate constitutional provisions for due process. See 34 A.L.R.2d 725, 730. In Texas, even as to a cause of action created by statute, a workmen's compensation claim, it has been held that the disability of minority is, as a matter of law, good cause for delay in giving notice of injury and filing claim for compensation. Latcholia v. Texas Employers Ins. Ass'n (Tex.Com.App., op. adopted), 140 Tex. 231, 167 S.W.2d 164. The minor claimant in that cause was a boy 17 years of age.

In Texas, a cause of action against a city for personal injuries caused by its negligence in a proprietary function "is based on the common law, and requires no statute to proclaim it." Hanks v. City of Port Arthur, supra, 48 S.W.2d at p. 948. A statutory notice requirement that unreasonably abridges such a common law cause of action violates due process. Article 1, Sec. 13, of the Constitution of the State of Texas, provides, in part, "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." If Art. IX, Sec. 11, of the Charter of the City of Houston, were construed as forfeiting the common law cause of action of one under the disability of minority for personal injuries suffered by him as a result of the actionable negligence of the city, it would violate that constitutional guaranty. At all times between the date of her injury and the date of the filing of a proper notice of her claim, August 25, 1964, the plaintiff in this case was a minor, was unmarried, had no court appointed guardian or guardian ad litem, no one had established himself as her "next friend," her disability had not been removed. She was, as a matter of law, because of her minority, excused from complying with the notice requirement of the Charter of the City of Houston. Her failure to comply with it did not forfeit her cause of action against the city for the personal injuries caused by its actionable negligence.

We are aware of the fact that our holding in this case is in conflict with at least the language of the Court's opinion in Wones v. City of Houston, Tex.Civ.App., 281 S.W.2d 133, no writ hist. At p. 135, that Court said:

"* * * However, it is our view that minority, in order that it be relied upon as an excuse for non-compliance, must be such as to produce, in fact, an actual physical or mental incapacity to comply. * * *"

In that case the personal injury claimant was a 20-year old male who, by his own pleading, was shown to have been emancipated at the time of his injuries. He had not complied with the notice of claim provision of the city. The Court of Civil Appeals affirmed the summary judgment in favor of the city. To the extent that the language of that opinion conflicts with this holding, we respectfully disagree with the views expressed by the Court in the Wones case.

The judgment of the trial court is affirmed.