**Thomas Alton McCRARY, Petitioner,**

v.

**CITY OF ODESSA, Respondent.**

No. B–2830.

Supreme Court of Texas.

June 7, 1972.

Rehearing Denied July 12, 1972.

———◆———

Svanas & Svanas, Gloria T. Svanas, Odessa, for petitioner.

Shafer, Gilliland, Davis, Bunton & McCollum, Lucius D. Bunton and Ray Stoker, Jr., Odessa, for respondent.

POPE, Justice.

Leonard McCrary filed this action as next friend of Thomas Alton McCrary, a minor, against City of Odessa and Audie Shows for injuries sustained by Thomas McCrary in an automobile collision on May 23, 1966. Defendants filed their motion for summary judgment which the trial court granted. The court of civil appeals affirmed the judgment as to the City of Odessa and reversed the judgment and remanded the cause for trial as to defendant Shows. McCrary v. Shows, Tex.Civ.App., 466 S.W.2d 803. Shows has not appealed from that judgment. We reverse that part of the judgment of the court of civil appeals which affirmed the trial court's judgment as to the City of Odessa and we remand the entire cause to the trial court for trial.

The basis for the trial court's summary judgment, as it appears from the pleadings and the motion, may have been either that the City of Odessa was immune from liability since the accident arose out of its performance of a governmental function, or that plaintiff McCrary failed to comply with a city charter requirement that he give a prescribed notice within sixty days from the date of the accident. We shall examine both of these defenses.

 On May 23, 1966, when McCrary was eighteen years of age, the vehicle which he was driving collided with a city vehicle driven by defendant Shows. City of Odessa pleaded its governmental immunity as one of its defenses. Since the accident occurred prior to the effective date of the Texas Tort Claims Act, the defense would be valid. Art. 6252–19, § 14(1), Vern.Tex. Civ.Stats. See also Section 14(8) for a claim arising after the effective date. City of Odessa's motion for summary judgment was supported by a single affidavit, that

of Ronald Neighbors, its city manager. Neighbors' affidavit stated that Shows, at the time of the accident, was assistant fire chief "and was driving the City vehicle in his official capacity as Assistant Fire Chief." The affidavit also stated that Shows was proceeding to the fire in line with a city policy that requires the assistant fire chief to be present at all fires. That was all of the summary judgment proof touching the defense of governmental immunity. The affidavit, however, also shows that Neighbors was not the city manager at the time of the accident, that he possessed no personal knowledge of any facts stated therein, and that he obtained his information from a search of the records in the City Hall. In our opinion, the summary judgment proof consisted of conclusions based upon hearsay and is no different from that which we rejected in Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.1963), and Empire Finance Service, Inc. v. Western Preferred Life Ins. Co., 461 S.W.2d 489 (Tex.Civ. App.1970, writ ref'd). City of Odessa failed to establish its right to a summary judgment by reason of its defense of governmental immunity.

We turn now to the other possible basis for the summary judgment for City of Odessa. City of Odessa is a home rule city, see Tex.Const. art. XI, § 5, Vernon's Ann.St. and its charter contains a provision which states, as a condition precedent to the institution of a suit for personal injuries or damage to property, that the claimant must give written notice to the mayor and City Council within sixty days from the date of the injury. The notice, according to the charter, must state the details of the occurrence, the nature and extent of the injuries, and the amount for which the injured party will settle his claim.[1] The summary judgment proof

1. Art. III, § 12, Charter of the City of Odessa :
 Before the City of Odessa shall be liable for damages for personal injuries of any kind or for injuries to or destruction or damaged [sic] to property of any

 kind, the person injured or the owner of the property so injured, damaged or destroyed or someone in his behalf, shall give the mayor and city council notice in writing of such injury, damage or destruction, duly verified, within sixty

shows that McCrary did not give notice of the accident until fifty-one weeks after the accident. Two and one-half months later, Leonard McCrary, his father, instituted this action as next friend.

McCrary attacks the validity of the charter provision which requires a minor to give notice within sixty days of an accident, saying that it is violative of Article I, Section 13 of the Texas Constitution. That section states that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

Article 1175, Section 6, Vern.Tex.Civ. Stats., authorizes home rule cities to provide exemption from liability from damage claims or to fix rules and regulations governing the city's liability. Several Texas decisions have sustained the validity of similar charter provisions against a number of attacks. City of Brownsville v. Galvan, 139 Tex. 128, 162 S.W.2d 98 (1942); City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692 (1938); Cawthorn v. City of Houston, 231 S.W. 701 (Tex.Com.App. 1921); Cooper v. City of Abilene, 416 S.W. 2d 562 (Tex.Civ.App.1967, no writ); Carrales v. City of Kingsville, 393 S.W.2d 952 (Tex.Civ.App.1965, no writ); Phillips v. City of Abilene, 195 S.W.2d 147 (Tex.Civ. App.1946, writ ref'd); City of Waco v. Thralls, 128 S.W.2d 462 (Tex.Civ.App. 1939, writ dism'd. jdgmt. cor.).

In City of Waco v. Landingham, 138 Tex. 156, 157 S.W.2d 631 (1941), a charter notice provision, as a condition precedent to the institution of suit, was sustained against an attack that such provision was in violation of Article I, Section 13 of the Texas

Constitution. The court in doing so, however, recognized that there may be exceptions to the general application of such notice requirements and mentioned infants of tender years and those who are either so mentally or so physically incapacitated that they are unable to comply. And, indeed, this exception of mental or physical incapacity has been uniformly followed in Texas. See Simpson v. City of Abilene, 388 S.W.2d 760, 763 (Tex.Civ.App.1965, writ ref'd n. r. e.); City of Waxahachie v. Harvey, 255 S.W.2d 549, 551 (Tex.Civ. App.1953, writ ref'd n. r. e.); City of Wichita Falls v. Geyer, 170 S.W.2d 615, 619 (Tex.Civ.App.1943, writ ref'd w. o. m.); 40 Tex.Jur.2d *Municipal Corporations* § 651 (1962).

■ The reason for excusing compliance upon proof of such facts is that notice provisions presuppose the existence of a person capable of complying. As expressed in City of Tyler v. Ingram, 157 S.W.2d 184, 189 (Tex.Civ.App.1941), *rev'd on other grounds*, 139 Tex. 600, 164 S.W.2d 516 (1942), "To hold that a city may, upon adopting such a charter provision, wrongfully injure a person to the degree of rendering the victim powerless to comply with its terms, and then avoid liability by invoking such charter provision in bar of the right to sue, would constitute a complete denial and abrogation of the claimant's right of recourse to the courts."

Similar reasoning has excused persons of tender years, for they, too, are powerless to comply with such conditions. Simpson v. City of Abilene, 388 S.W.2d 760 (Tex.Civ.App.1965, writ ref'd n. r. e.) (7 years old). See also City of Barnesville v. Powell, 124 Ga.App. 132, 183 S.E.2d 55

---

days after the same has been sustained, stating in such written notice when, where and how the injury, damage or destruction occurred, the apparent extent thereof, the amount for which the claimant will settle, the street and residence number of the claimant at the time and date claim was presented and the actual residence of such claimant for the six months immediately preceding the oc-

currence of such injuries, damage or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim; and a failure to so notify the mayor and city council within the time and manner provided therein shall exonerate, excuse and exempt the city from any liability whatsoever.

(1971) (4 years old); McDonald v. City of Spring Valley, 285 Ill. 52, 120 N.E. 476 (1918) (7 years old); Lazich v. Belanger, 111 Mont. 48, 105 P.2d 738 (1940) (7 years old); Murphy v. Village of Ft. Edward, 213 N.Y. 397, 107 N.E. 716 (1915) (5 years old); Webster v. City of Charlotte, 222 N.C. 321, 22 S.E.2d 900 (1942) (8 years old); 18 E. McQuillan, The Law of Municipal Corporations § 53.159 (3d rev.ed. 1963).

This court has not previously determined whether minority alone will excuse compliance with the notice requirement of a municipal charter. In the recent carefully considered case of City of Houston v. Bergstrom, 468 S.W.2d 588 (Tex.Civ.App. 1971, writ pending), the court held that minority alone excuses compliance. Language contained in the opinion of Wones v. City of Houston, 281 S.W.2d 133 (Tex. Civ.App.1955, no writ), expressed a contrary view. In that case, however, the twenty-year-old plaintiff had been emancipated. A reading of cases from other jurisdictions reveals no uniformity on this issue. See 56 Am.Jur.2d *Municipal Corporations, Etc.* § 782 (1971); Annot., 34 A.L.R.2d 725, 738–739 (1954).

■ We hold that McCrary was excused from compliance with the charter notice provision during the time he was under the disability of minority. Such a result is consistent with our decisions and rules in other areas of our law wherein minors are excused from strict compliance with time limitations. In Latcholia v. Texas Employers Ins. Ass'n, 140 Tex. 231, 167 S.W.2d 164 (1943), a seventeen-year-old boy was hurt in the course of his employment. He failed to comply with Section 4a of the Workmen's Compensation Act, Art. 8307, Vern.Tex.Civ.Stats., by not giving notice of an injury within thirty days. We examined a broad range of precedents from outside this jurisdiction and there determined to follow those illustrated by the decisions of Illinois and North Carolina, citing Walgreen Co. v. Industrial Commission, 323 Ill. 194, 153 N.E. 831, 48 A.L.R. 1199 (1926), and Lineberry v. Town of Mebane, 219 N.C. 257, 13 S.E.2d 429 (1941). We quoted this from Lineberry:

"It would create an anomalous situation to hold that a claimant who is without capacity to receive and receipt for compensation or to assert his right must nevertheless present his claim or forever thereafter be barred from so doing. Such an interpretation would be as unjust to the employer as to the employee." [167 S.W.2d at 166]

We also held in Ladehoff v. Ladehoff, 436 S.W.2d 334 (Tex.1968), that a minor who was not personally served in a will contest proceeding which occurred when he was twelve years old, could bring a direct attack upon the same will when he became twenty-one. Unlike the present case, however, the Probate Code contained provisions which preserved the minor's rights.

The court of civil appeals in its opinion in City of Houston v. Bergstrom, *supra*, draws an analogy to the policy of our State as expressed in its limitation statutes and particularly Article 5535, Vern.Tex.Civ.Stats., which excuses a minor from the commencement of an action for personal injuries while he is under the disability of minority.

■ We conclude that legal incapacity should be treated in a manner similar to and consistent with our rules concerning mental and physical incapacity and hold that Thomas Alton McCrary, being under legal incapacity to institute or settle a claim in court, was excused from compliance with the notice requirement until he reached the age of twenty-one or until his disabilities were removed.

We leave undisturbed that part of the judgment of the court of civil appeals which reversed the summary judgment of the trial court as to Audie Shows and remanded that part of the cause for retrial. We reverse that part of the judgment of the trial court and the court of civil appeals affirming the summary judgment for City of Odessa and remand that part of the cause to the trial court.

WALKER, STEAKLEY and McGEE, JJ., dissent.

WALKER, Justice (dissenting).

A home rule city has full power to enact any ordinance not inconsistent with the Constitution or with general law. The ordinance now in question contravenes no general law and is expressly authorized by Art. 1175, V.A.T.S. It seems particularly inappropriate then for this Court to promulgate an arbitrary judicial exception. The ordinance may not be constitutionally applied, of course, in a manner that will destroy the rights of one who was, in fact, physically or mentally incapable of giving notice, and anyone under a legal disability obviously could not be expected to make an offer of settlement. These and the other exceptions mentioned in Wones v. City of Houston, Tex.Civ.App., 281 S.W.2d 133 (no writ), are entirely proper, but I would not hold that the ordinance has no application to every person under 21 years of age.

STEAKLEY and McGEE, JJ., join in this dissent. Opinion delivered June 7, 1972.